434     SUPREME COURT OF IOWA,

Fort Dodge City School District v. The District Township of Wahkansa.

---

## FORT DODGE CITY SCHOOL DISTRICT v. THE DISTRICT TOWNSHIP OF WAHKANSA.

1. SEPARATE SCHOOL DISTRICT. Article 4, chapter 88 of the Revision of 1860 confers upon incorporated cities the power to organize as separate school districts; and the same power is conferred, by article five of the same chapter, upon towns and villages containing not less than three hundred inhabitants.

2. SAME. Article 5, chapter 88 of the Revision of 1860 is an amendment of a law enacted by the Board of Education, and is not inconsistent with article 9, section 8 of the Constitution of 1857.

3. PLEADINGS: ACTION BY SCHOOL DISTRICT. In an action by a school district it is not necessary to set out at length, in the petition, the manner in which the district was formed; and the legality of acts leading to its formation cannot be raised by demurrer.

4. SCHOOL DISTRICT: EXTENT OF TERRITORY. The extent of the territory which may be added to a town or city district, for school purposes, is not limited by the law.

*Appeal from Webster District Court.*

THURSDAY, DECEMBER 24.

DEMURRER to petition sustained. Plaintiff excepted, and appeals.

*Duncombe* and *Hawley* for the appellant.

*John M. Stockdale* for the appellee.

WRIGHT, Ch. J.—The demurrer is so framed that it is almost impossible to understand the precise objections taken to the petition. Without, therefore, following each

specification, we shall state generally and briefly our views of the law, so far as referred to by counsel :

I. Whether the town or city of Fort Dodge was incorporated or unincorporated prior to the vote taken for adopting a separate school district, as alleged in the petition, does not appear. If incorporated, then the act of December 24, 1858 (Rev., ch. 88, art 4), clearly confers the power to thus organize, and points out the manner for effecting the same. If not incorporated, then the succeeding article (5) confers the same powers upon towns and villages containing not less than three hundred inhabitants. But this latter act is claimed to be unconstitutional, upon the ground that it was passed by the Legislature, and not by the Board of Education.

The Constitution (art. 9, § 8) gives the Board full power to legislate in relation to common schools and other educational institutions, " but all acts, rules and regulations of said board may be altered, amended or repealed by the General Assembly." Article 5 of chapter 88 (passed Feb. 26, 1860) professes to be an amendment to the " Act conferring certain powers on towns and cities for school purposes," and that it is technically, substantially and constitutionally an amendment, we entertain no doubt. An amendment is an alteration or change of some existing law. In this case, the Legislature altered or changed the act of 1858, so as to extend and apply its provisions to unincorporated as well as incorporated towns and cities. If this is not strictly an amendment, within the meaning of the Constitution, it would be difficult to determine what would be.

II. Plaintiff sues as a corporation, and under § 2923 of the Revision, it was sufficient to state or aver, generally, as a legal conclusion, the capacity or relation, without setting out the facts constituting the same. It was, therefore, unnecessary to set out the manner in which the city or town district was formed. The presumption is, that it was

constituted properly, and the legality of acts leading to its creation cannot, as seems to have been attempted in this instance, be raised by demurrer.

III. The law provides that the territory annexed to the city or town, for school purposes, may constitute a part of the separate district, to be organized under articles 4 or 5, above cited. The extent of this territory is not limited. Because it contains one or two townships, rather than one or two square miles, we cannot say that the organization is illegal. This matter is left to the voters, and, as far as we know, courts cannot control their discretion.

From the confused manner in which this record is before us, it is possible that we may not have apprehended the precise point ruled in the court below. As we now see the case, however, the demurrer should have been overruled.

Reversed.