INDEPENDENT SCHOOL DISTRICT OF GRANVILLE V. BOARD OF SUPERVISORS, etc.

Schools: ORGANIZATION OF INDEPENDENT DISTRICTS. In the erection of an independent school district in a city, town or subdistrict, under section 84, chapter 172, Laws of 1862, as amended by chapter 143, Laws of 1866, the " contiguous territory" to be embraced in the new district need not be confined to the same township in which the city, town or subdistrict is situated, but may embrace territory in another township. Nor is it necessary that the boundaries should be fixed by the concurrent action of the two townships.

*Appeal from Mahaska District Court.*

THURSDAY, JULY 23.

MANDAMUS.—The object of the writ was to compel defendant to levy certain taxes for school purposes voted by plaintiff in July, 1867. From an order awarding the peremptory writ the defedant appeals.

*J. A. L. Crookham* and *Lacy & Shepherd* for the appellant.

*Seevers & Cutts* for the appellee.

Independent School District of Granville v. Supervisors.

WRIGHT J. — Prior to March, 1867, the larger portion of the territory embraced in plaintiff's organization was

SCHOOLS: organization of Independent districts.

known as subdistrict No. one, of Richland township in Mahaska county. It contained more than two hundred inhabitants. Upon the petition of more than ten legal voters of said subdistrict — as also of all those residing upon and owning certain contiguous territory (to wit, three quarter sections in the adjoining township of Prairie), this subdistrict, with the 480 acres in the adjoining township, was erected into the Granville Independent district. The supervisors, either because they denied the legality of this organization, or because it was desired to have settled the question involved, refused to extend or levy the tax voted, upon this contiguous territory, and hence this proceeding.

By the act of 1862, chapter 172 (§ 84 *et seq.* — as amended in 1866, chapter 143, §§ 9 and 10) — any city, town or subdistrict containing within its limits not less than two hundred inhabitants, and *certain territory contiguous thereto*, may be constituted a separate school district, etc. At the written request of any ten legal voters residing in such city town or subdistrict, the township trustees are required to establish the boundaries of the contemplated district, including such contiguous territory as may best subserve the convenience of the people for school purposes, and shall give notice, etc. The electors are, at a meeting to be called, to vote for or against the separate organization. If a majority vote in favor, then notice is to be given by the trustees of a meeting for the election of officers. If such school district is formed of parts of two or more civil townships in the same or adjoining counties, the duty of giving notice shall devolve upon the trustees of the township where a majority of the legal voters of the *contemplated district* reside. (By

the act of 1868, chapter 28, the formation of independent districts is limited to cities and towns, and the power to prescribe the limits of the proposed district, etc., is vested in the board of directors of the district township, and not in the trustees as under the former law.)

Appellants insist that the "contiguous territory" must be taken from the same township in which the city, town or subdistrict is situated; or if not, it can only include territory in another township, forming, *before* such independent organization, by reason of "natural obstacles" or otherwise, a part of such subdistrict. It is also claimed that the boundaries should have been fixed by the concurrent action of the *two* townships.

In neither of these views can we concur. It is the boundaries of "*the contemplated district*" which the trustees are to establish, not of an existing district, or one with limits already defined. And it is the trustees of a township wherein a majority of the legal voters of *the contemplated district* reside who are to give the notice. And whether the district is formed of parts of two or more civil townships (as it may be), or all from one township, the contiguous territory to be included is to be such as will best subserve the convenience of the people for school purposes. The notice had to be given by some body. The law might have devolved it upon the township clerk or the supervisors, perhaps quite as reasonably as upon the trustees — or upon those officers of the two townships, instead of confining it to the trustees where a majority of the legal voters reside. This was not thought necessary, however. It was deemed sufficient to confer the power upon the trustees of one township, who are to establish the boundaries of the contemplated district *before* giving the notice. If the law contemplated the *joint* action of the two boards in fixing the boundaries, it would seem, that as such act precedes the notice,

it would have directed the two boards to join in giving such notice.

After all, the *electors* determine the question of independent organization; the action of the trustees is but preliminary. If the electors fail to vote for the organization, the matter is at an end. That which is to be kept in view is the convenience of the people, not forgetting that all to be affected are to be heard. *Fort Dodge District* v. *Wahkansa*, 15 Iowa, 435; S. C., 17 id. 85. And these views, it may not be improper to state, are in accord with the practice and instructions of the State superintendent. See School Laws 1868, p. *59 et seq.*

There is but little, if any, more danger of absorbing contiguous territory in an adjoining township and of injustice resulting as a consequence under this construction, than there is under appellant's view of perpetrating the same wrong as to territory in the same township. If so, however, the correction is with the law-making power, and not with us. A further check we may add, as the law now stands (the directors acting in the place of the trustees) is found in the right of appeal to the county superintendent and from his decision to the State superintendent. Rev. § 2133 *et seq.* We need hardly add that the law contains abundant provisions for the protection of the people in existing districts in relation to their school houses, as also for a just equalization of taxes, etc.

Affirmed.