## ROOT v. THE ILLINOIS CENTRAL RAILROAD CO.

**Railway company:** PLEADING: JUSTICE OF THE PEACE. A petition in an action against a railway company which avers that the defendant is a "company doing business in this state and under the laws thereof," is not demurrable on the ground that the corporate existence of the defendant is not alleged, nor the capacity in which it is sued— especially when the action is commenced before a justice of the peace, where technical exactness is not required.

*Appeal from Floyd Circuit Court.*

### WEDNESDAY, JUNE 15.

THIS action was commeneed before a justice of the peace, and plaintiff, according to the petition, " claims of the defendant, a company, doing business in the state of Iowa, under the laws thereof, the sum of," etc. For cause of claim it is stated that on, etc., a "servant of defendant, running and operating an engine for said defendant, * * * killed on said road near the depot, etc., by negligently running over, with said engine, a dark red calf, the property of, etc. It is then averred that verified notice of said killing and demanding payment was served; that the value of the calf was twenty dollars ; that no part of the sum demanded has been paid, and judgment is asked in the sum of forty dollars.

Defendant appeared, and demurred because its corporate existence is not alleged in the petition, nor the capacity in which it is sued. Other grounds were argued, but they are not urged here, and hence need not be stated. The justice overruled the demurrer ; defendant stood thereon, gave notice of appeal, and plaintiff had judgment in the sum of forty dollars. In the circuit court the demurrer was again overruled, defendant

excepted, and, refusing to plead over, the judgment of the justice was affirmed. Defendant again appeals.

*Crane & Rood* for the appellant.

*Pratt & Root* for the appellee.

WRIGHT, J.—Commenced as the case was before a justice, where technical exactness in pleading is not required, *Hall* v. *Monahan*, 1 Iowa, 554 ; *Dilley* v. *Nusum*, 17 id. 238 ; *Blake* v. *Graves*, 18 id. 312), the petition was certainly not obnoxious to the objection taken by the demurrer. In *Byington* v. *M. & M. R. R. Co.*, 11 id. 502, relied upon by appellant, the petition, in the district court, did not aver, nor did it in any way appear, that the company was a firm or corporation, organized under the laws of this or any state. It was held, that as the company was not a natural person, the petition should in some manner show that, as an artificial person, it could sue and be sued; but that this may be done by language very general, and especially against a defendant sought to be made liable in this capacity. Here the pleader avers that the defendant is a *"company doing business in this state, and under the laws thereof."* And for the present inquiry, it is immaterial whether it was thus doing business as a partnership or corporation. It was sufficient to allege the capacity or relation "generally or as a legal conclusion." Rev. § 2923 ; *Fort Dodge Dist.* v. *Dist. Township*, 15 Iowa, 434.

To the action of the court in rendering judgment without evidence, after overruling the demurrer, there was no exception. And the same is true as to the amount of the judgment. Nor did defendant take any step in the court below to have corrected what is now claimed to be an excessive judgment. And remembering that the court merely *affirmed* the judgment of the justice, and that

defendant complains of this excessive judgment, as also that it was rendered without evidence, for the first time in this court, and without exception in the court below, we have no difficulty in ordering a second affirmance.

There is nothing in chapter 49, Laws of 1866, p. 43, which dispenses with *exceptions*, if a party would be heard in this court. A motion for a new trial is dispensed with, but not an exception.

Affirmed.