THE DIST. TOWNSHIP OF WILLIAMS v. THE DIST. TOWNSHIP OF JACKSON.

School district: DIVISION OF: APPORTIONMENT OF ASSETS. When a district township is divided into two or more districts under chapter 172, Laws of 1862, school-houses and real estate used for school purposes, situated within the divided districts, are to be estimated in making the division of assets contemplated by said act.

2. —— This construction of the statute does not require an actual division or partition of the real estate of the district. The respective districts,

after the division, which do not receive their just proportion of the property, have a claim, which they may enforce by action, against those who obtain more than the share to which they are entitled.

*Appeal from Calhoun District Court.*

WEDNESDAY, MARCH 19.

THE jurisdiction of defendant formerly extended over four congressional townships. In 1870, plaintiff was created by the division of this territory into two civil townships. This action is brought to enforce a division of the assets, between the old and new districts, which were held by the old at the time plaintiff was created. Plaintiff claims that, in making the division, not only money and personal property held by defendant, but also the school-houses, are to be regarded as assets of which an equitable division is required by law to be made between the parties. At the trial plaintiff offered proof of the number and value of the school-houses that were in defendant's territory at the time of plaintiff's organization. This evidence the court refused to admit, holding that school-houses and real estate are not assets in contemplation of law, and subject, in such cases, to division between the parties. To this judgment upon the law plaintiff excepted, and thereupon rested his cause. Defendant offered no evidence, and final judgment was rendered for plaintiff's equitable share of the money held by defendant upon agreement of the parties. Plaintiff appealed.

*Chase & Davis* for the appellant.

*Galusha Parsons*, with *Golding & Hutchinson* for the appellee, cited *The Hartford Bridge Co.* v. *East Hartford*, 16 Conn. 171; *Hamshire* v. *Franklin*, 16 Mass. 83; *Stoneham* v. *Richardson*, 23 Pick. 67; *Dawes* v. *Tapely*, 1 Allen, 49; *North Hemstead* v. *Hemstead*, 2 Wend. 137.

BECK, Ch. J.—I. Section 4, chapter 172, acts Ninth General Assembly, is as follows: "When any district township

shall be divided into two or more entire townships for civil purposes, the existing board of directors shall continue to act for both or all of the new districts until the next regular sub-district election thereafter, at which time the new district township shall organize by the election of directors. The respective boards of directors shall, immediately after such organization, make an equitable division of the then existing assets and liabilities between the old and new districts; and in case of a failure to agree, the matter may be decided by arbitrators chosen by the parties in interest." The question presented for our decision is this: Are school-houses and real estate used for school purposes situated in the divided districts, to be taken into account in making the division of assets contemplated in this section? The solution of this question largely depends upon the meaning of the word "assets" used in the statute quoted. Before proceeding with the inquiry here demanded it is important to consider another matter.

The school-houses and real estate upon which they are situated are the property of the districts wherein they are built. The districts are corporate bodies, the sub-districts are not. All the affairs pertaining to schools, purchasing land and building school-houses, are managed by the officers of the districts, and the property in such things vests in the corporation. Chap. 172, §§ 5, 22, acts 9th Gen. Ass. It may often happen that the people of one part of a district are taxed to build a school-house in a sub-district other than the one in which they reside. And it may occur, as it is claimed by plaintiff to be the fact in this case, that the property of a whole district may be taxed to erect school-houses, and upon the division of such district none of them may fall within the new district. Now, if such district must be again taxed to build its own school-houses without receiving any thing from the district which retains the school-houses and thus alone receives the benefits of prior taxation, it is evident that gross injustice would be wrought. The statute above quoted was intended to remedy such an evil. Under it an

equitable division of assets and liabilities is made to meet justice in each case.

What are we to understand is implied by the use of the word " assets ? " It is often applied to the available property of the estate of a deceased person or a bankrupt, whether real or personal, which may be appropriated to the payment of debts, and to the available resources, whether they be lands or personalty of a corporation, partnership or merchant. It is never restricted in its meaning to personal property. It is used in the sense we have indicated in frequent instances in statutes. See U. S. Bankrupt Act, §§ 4, 5.

It is also used to describe the funds, credit or proceeds arising from the sale or disposition of real and personal property, and it is probable that the word is most frequently employed in this sense. Examples of such use may be found in sections 1 and 5 of the bankrupt act, and in Revision, section 1833.

We are satisfied beyond a doubt that, in the statute before us for construction, it is used with reference to the real property — the school-houses and lands owned by the districts, which, together with all other property, it is intended shall be taken into account in settling equitably the rights of the seperate districts growing out of the division.

IV. An objection is urged to this construction, based upon the ground that it demands an actual division or partition of the real estate of the district. We do not think this result follows. The districts, after the division, which do not receive their just proportion of school-house property, have a claim against those that do obtain more than their due share ; the last named are indebted to the first in the difference. Here, then, is a credit on the one part and a liability on the other. This liability, that is to say, the obligation of the one to the other for the difference, after being diminished by requiring the debtor district to pay any indebtedness, or the proper portion thereof, which stands against the old district, is transferred to the district entitled to it. Thus the assets, the indebtedness of the districts on account of school-houses and

other property received in excess of their just rights, and the liabilities, the debts of the old district, are divided. This division, the law says, shall be equitable, that is, equal, regarding the rights of the parties, giving each its due; it is to be upon principles of justice.

V. Again it is said that the law provides no means of enforcing the payment of the indebtedness of one district to another arising in this way. The reply to this is that it stands precisely in the position of any other debt, and is collected in the same way.

VI. It is next urged that, as the statute provides that the rights of the districts may be settled by arbitration, that remedy must be pursued, and no action will lie without a refusal on the part of defendant to submit the matter for settlement in that way. It is sufficient to say that no question of this character was raised in any manner in the court below. We cannot, therefore, decide it.

We have considered all the points raised by counsel necessary to the determination of the case. The ruling of the court below in refusing to admit the evidence offered was erroneous. The judgment is therefore

Reversed.