THE DISTRICT TOWNSHIP OF KNOXVILLE v. THE INDEPENDENT DISTRICTS OF LIBERTY, MAPLE GROVE *et al.*

School districts: RE-ORGANIZATION OF DISTRICT TOWNSHIP: ASSETS. When the several sub-districts of a school district township are organized into independent districts, under chapter 72, Laws of 1872, the district township ceases to exist, and cannot maintain an action to enforce an equitable division of the assets among the independent districts.

2. —— The rights acquired by the independent districts, under the division of assets made by the old board of directors, may be enforced by each in its own name.

3. —— The preceding case of *The District Township of Williams* v. *The District Township of Jackson*, holding that in making the division, school-houses and real estate held for school purposes are to be considered as assets, followed.

*Appeal from Marion District Court.*

WEDNESDAY, MARCH 19.

THIS is an action at law. The petition shows that, prior to the 4th day of May, 1872, plaintiff was a corporation under the school laws of the State, and was divided into twenty-two sub-districts ; that on the 17th day of May, 1872, an election was held pursuant to the provisions of chapter 73, acts of the 14th General Assembly, whereat it was determined by the votes of the electors of the district, that each of the sub-districts should be constituted an independent district, and that, on the 31st day of the same month, the electors of the respective sub-districts, at meetings duly called, organized each of such sub-districts into an independent district, electing directors and choosing names for each. On the 8th of June, 1872, the board of directors of plaintiff, the original district township, made an equitable division among the several independent districts of its liabilities and assets under which there is due to plaintiff certain sums from the defendants, the amount due from each being particularly stated. That there are certain sums, which are stated, due out of this amount to others of the independent districts, the total amount due to all being equal to the aggregate of the sums assessed in the division against defendants. That plaintiff had levied and collected but one tax upon the whole district which had been expended in building school-houses and purchasing school property in some of the sub-districts, and that such buildings and property were assets of the plaintiff which were divided as aforesaid.

It is averred that defendants deny all indebtedness to plaintiff, and refuse to pay any sum whatever, or to agree to the apportionment or to choose arbitrators to adjust the claims, and

refuse to take any steps looking to the payment of the amounts claimed by the plaintiff. Plaintiff asks judgment against the several independent districts for the sums charged to each in the division made by the directors above stated.

A demurrer to the petition was sustained on the ground that plaintiff has no legal capacity to bring this suit, and is not the real party in interest, and that the petition fails to show defendants have assets of the other independent districts in their possession, and that school-houses erected in the different sub-districts are not assets belonging to the district township which the law requires to be divided upon the formation of independent districts. Plaintiff abiding by its petition, judgment was rendered for defendant. Plaintiff appeals.

*Anderson & Collins* and *Winslow & Wilson* for the appellant.

*Stone & Ayres* for the appellee.

BECK, Ch. J.— Under the provisions of chapter 72, acts 14th General Assembly, all the sub-districts of any district townships may be constituted independent school districts. It is not important to refer to the action necessary to accomplish this change. No question requiring such an inquiry is involved in this case. The independent districts, when thus constituted, are clothed with all the power and charged with all the duties pertaining to the district township. The object of each corporation is the support and management of schools. They are created for this sole purpose and end, and have no duties or powers that can be exercised for any other purpose. Now, where independent districts are organized to cover all the territory and include all the people of the district township, they assume all the powers and duties of that corporation and fully occupy its place. The legislature never could have intended that two such corporations should exist, having the same powers, or that both should exist, one

JUNE TERM, 1873. **223**

District Township of Knoxville v. Independent Districts of Liberty et al.

clothed with the power and duty of supporting and managing schools and the other stripped of all such authority and obligation. Unquestionably it was the intention that, upon the organization of independent districts, the district township should be fully superseded and go out of existence, except so far as its life might be prolonged by special provisions for special purposes. We find no other provision prolonging the existence of the district township after the organization of the other corporations, except that contained in section 6 of the statute above cited. It directs that, after the organization of the independent districts, the old board of directors of the district township shall make a division of assets and liabilities provided for by section 4, chapter 172, acts 9th General Assembly. Here their duties and functions end, and here the life of the corporation ceases. All its rights, powers and duties are transferred to the corporations which are its successors.

The rights acquired by the independent districts under the division of assets made by the old board of directors may be enforced by each in its own name. They are corporations competent to bring suits ; these rights pertain exclusively to them, and they are charged with the duty of disbursing the money realized upon the enforcement of the claims acquired by the division of assets. No necessity exists for prolonging the life of the old corporation.

But should it have an existence for other purposes, it cannot maintain the suit because it is not the real party in interest ; the independent districts which are entitled to receive money or property from the others, must prosecute the action in their own names as the parties in interest. It is not proper to point out the form or manner of enforcing these rights, if they in fact exist, or make any inquiry here upon this point. It is sufficient to say that if the rights exist the law provides a remedy for their enforcement.

Other questions raised by the demurrer need not be determined. The point just ruled is decisive of the case.

The question elaborately discussed by counsel, namely,

whether school-houses and real estate held for school purposes by the districts, are assets within the meaning of the law and are to be considered in making the division required, is determined in *The District Township of Williams* v. *District Township of Jackson, ante.* We there hold that they are assets, and in making the division of the property must be considered. The ruling in that case is decisive of the rights of the parties in this, so far as the question just stated is involved.

For the reason above given the action cannot be prosecuted by the plaintiff; the demurrer was therefore rightly sustained.

Affirmed.