THE IND. SCHOOL DISTRICT OF GEORGIA ET AL. v. THE IND. SCHOOL DISTRICT OF VICTORY ET AL.

1. **School District**: DIVISION OF ASSETS AND LIABILITIES. Where the sub-districts of a district township were organized into independent districts, and the directors made a distribution of assets and liabilities and instituted an action at law against the debtor districts for the amount due from them, pending which the term of office of the directors expired, it was *held*, that the creditor districts could, in equity, compel an accounting and payment of the amount due them.

2. **Practice**: TRANSFER OF CAUSE. An objection that the remedy sought in chancery should have been pursued at law cannot be raised by demurrer, but should be presented by motion to transfer the cause.

*Appeal from Marion District Court.*

THURSDAY, OCTOBER 7.

ACTION in chancery. There was a demurrer to the petition which was sustained. Plaintiffs appeal. The facts of the case appear in the opinion.

*Anderson & Collins*, for appellants.

Where a tribunal is clothed with discretion as to a particular matter, a court can by mandamus compel it to act, but cannot control its discretion in the performance of the act. (Rev. § 3763; *Coy v. City Council of Lyons*, 17 Iowa, 4.) Where discretion is left to the board of school directors, it cannot be controlled by mandamus, even though unwisely exercised. (*Clark v. Board of Directors, etc.*, 24 Iowa, 270.)

*Stone & Ayres*, for appellees.

Where the statute has provided a tribunal for the determination of a particular subject, the jurisdiction thus conferred is exclusive. (*Macklot v. City of Davenport*, 17 Iowa, 387; *McConn v. Roberts*, 25 Id., 154; *Rodgers v. Gwinn*, 21 Id., 56.) The statute having pointed out a specific mode of ascertaining defendant's liabilities, that mode must be followed. (*Lose v. Lance*, 28 Iowa, 509; *Call v. Muscatine*, 14 Id., 296;

*Almy v. Harris*, 5 Johns., 175.) The indebtedness of one district to another, incurred when they were together, stands in the position of any other debt and is collected in the same way. (*Dist. Tp. of Williams v. Dist. Tp. of Jackson*, 36 Iowa, 220.) Equity will not grant relief from the consequences of ignorance of the law. (*Pierson v. Armstrong*, 1 Iowa, 282.)

BECK, J.—The petition alleges that the plaintiffs and defendants were formerly sub-districts of the district township of Knoxville, in Marion County; that under Chap. 73, Acts of the 13th Gen. Ass., the district township was reorganized and all of its sub-districts became independent districts. After this action the board of directors of the district township proceeded to make "what they intended for and believed to be an equitable division of the assets and liabilities of said district township, but plaintiffs aver that the attempted division was not an equitable or full and complete division of assets and liabilities," and that no such division has ever been made. The board of directors of the district township, after they had made the supposed division of assets and liabilities, brought an action against the debtor independent districts to recover the amount due from them. The suit was prosecuted for the benefit of plaintiffs, the creditor independent districts. This action was dismissed in the district court, and appealed to this court and, after the term of office of the directors of the district township had expired, was affirmed. See 36 Iowa, 220. It is alleged that by reason of the efforts of the directors of the district township to make the division, their belief that they had done so, and the continuance during their entire term of office, of the action named, the plaintiffs did not take any steps to compel the board of directors to act further in the matter.

It is alleged that one of the plaintiffs brought an action at law against one of defendants to recover the amount due upon the division supposed to have been made by the directors of the district township. The action was decided against plaintiff, on the ground that no division of assets and liabilities had been made. The petition shows that on account of the

unequal appropriation of money raised by taxation from the, district township, among the sub-districts, and the unequal rate of taxation upon the several sub-districts, the assets of the district township were unequally distributed and held, to and by the several sub-districts. It also shows that there is money of the district township in the hands of parties named, that ought to be distributed as assets. The petition asks that an accounting be had and the amount due plaintiff and the indebtedness of defendants be ascertained, and a decree, granting such relief as the nature of the case demands, be rendered.

I. The directors of the district township were made by the law a special tribunal, and clothed with authority to divide

1. SCHOOL DIS-
TRICT : divis-
ion of assets
and liabilities.

assets and liabilities of the district among the independent districts. Unquestionably while that tribunal was in existence, it had exclusive jurisdiction of the matter. But it has ceased to exist. The allegations of the petition show sufficient reasons excusing plaintiffs from calling into existence the authority of the directors. It was supposed they had performed their duty in this respect, and an action was prosecuted by the directors and another by one of the plaintiffs upon the strength of this supposed division. Plaintiffs were certainly not negligent in failing to require the directors to do what all supposed had been done.

Now, if the allegations of the petition be true that the assets of the district had been so unequally shared that defendants had received more and plaintiffs less than their just share, and the plaintiffs have not forfeited their rights by negligence, it would be a reproach to the law, if no remedy existed for them. As the directors have no longer authority to act, their term of office having expired, and the board of directors having ceased to exist, plaintiffs would have no remedy unless it be by action. This action they may have for the reasons that they have a right, and there is no special tribunal now in existence, clothed with the exclusive authority to grant the remedy sought.

II. In our opinion the petition shows sufficient grounds for recovery. Defendants insist that the law required the taxes

collected should be appropriated justly among the sub-districts, and we must presume it was done. But the petition alleges this was not done. The law demanded that there should be an equitable division of the assets of the district township. The school houses were assets and the value of each determined the assets in the hands of the respective sub-districts. *District Township of Williams v. District Township of Jackson*, 36 Iowa, 216. In this action there may be an inquiry as to the assets held by each independent district. In this way the liability of each and the amount to be recovered by each may be determined.

III. It is insisted that the petition shows that plaintiffs may have an adequate remedy at law, and therefore they can-

2. PRACTICE: transfer of cause. not maintain this suit. But this objection, if it be well taken, should have been made by motion to transfer the cause to the law docket, not by demurrer. Code, §§ 2514, 2515, 2519.

For these reasons we think the district court erroneously sustained the demurrer.

REVERSED.