INDEPENDENT SCHOOL DISTRICT OF OAKVILLE v. INDEPENDENT SCHOOL DISTRICT OF ASBURY.

1. **School District:** POWER OF DIRECTORS: DIVISION OF ASSETS.  'Upon the division of a township district into independent districts, the board of directors of the former are empowered to make a division of the assets, wherein their jurisdiction is exclusive, and their judgment cannot be set aside in a collateral proceeding.

*Appeal from Dubuque District Court.*

MONDAY, JUNE 12.

THE petition states that plaintiff and defendant at one time composed a part of the district township of Julien; that the several sub-districts in said district township were in the proper manner formed or created independent districts, the plaintiff and defendant being two of such districts; "that the directors of the district township undertook to make a division of said assets, but the same was illegal, unjust and inequitable, in that the division so made gave to the defendant the sum of $213.48, which sum was, and of right is, part of the share belonging to plaintiff from said distribution of the said assets, and was, and is, the property of plaintiff, and that defendant was, and is, justly indebted to the plaintiff in that sum."

To this petition there was a demurrer, on the ground that it shows the matter in controversy had been finally adjudicated by the proper legal tribunal, and failed to show that its judgment has been set aside, or that it is void, which being overruled, defendant appeals.

*E. T. McCeney* and *H. T. McNulty*, for appellant.

*Fouke & Lyon*, for appellee.

SEEVERS, CH. J.—Section 1820 of the Code provides as follows: When any district township is divided into independent districts, the old board of directors of the district township shall make such a division of assets and liabilities of such district township as provided by section 1715, and the latter section provides that such division shall be equitable. The claim made in the petition is that the division made by the board of directors is inequitable and unjust; neither fraud or mistake being alleged or that the jurisdiction of the board was exceeded. The statute in express terms requires the old board of directors to make the division, and the petition shows they have performed the duty cast on them

by the statute. Having so done, we are of the opinion their judgment cannot be attacked in this proceeding. The jurisdiction of the board of directors is exclusive, being so made by statute for a wise purpose, for certainly no other tribunal can so well determine the equities of these parties. The action of the board of directors may be well termed a proceeding *in rem*. They are supposed to be conversant with the whole subject and are invested with jurisdiction of the assets, with authority to make a distribution. Their judgment cannot at least be impeached in this proceeding. Freeman on Judgments, section 606. Besides this, as jurisdiction is expressly conferred, every presumption is indulged that the proceedings are regular. The judgment or division made cannot be attacked collaterally. *The State v. Berry*, 12 Iowa, 58.

The authorities cited by counsel for the plaintiff are not in point.

In *District Township of Williams v. District Township of Jackson*, 36 Iowa, 216, the action was brought to enforce a division of assets. When the independent districts were formed in this case, section 1820 of the Code was not in force, and the duty of making the division devolved on the boards of the independent districts, Code, Sec. 1715, and we expressly refused to determine whether the mode pointed out in that section, that is, by arbitration, was the exclusive and only remedy in such cases, for the reason that no such objection was made in the court below. The only point decided in that case was as to what constituted assets. In the *Independent School District of Georgia et al. v. Independent School District of Victory et al.*, 41 Iowa, 321, a division of the assets had been made and the action was to enforce such division. We do not deem it necessary to notice the other cases cited, or rather not to take the time or space requisite to show wherein they are not applicable.

The judgment of the District Court is

REVERSED.