THE IND. SCHOOL DIST. OF LOWELL v. THE IND. SCHOOL DIST. OF DUSER.

1. **Schools**: SUBDIVISION OF DISTRICT TOWNSHIP: APPORTIONMENT OF ASSETS.. Upon the subdivision of a district township into independent districts, the directors of the district township are authorized to apportion the assets and liabilities, and it is only upon their failure to agree that the matters in dispute are to be referred to arbitrators. The consent of the various independent districts is not necessary to the jurisdiction of the district directors.

2. ———: JURISDICTION: ADJUDICATION. The adjudication of the directors of the district township in the apportionment of assets and liabilities is final and conclusive until set aside by proper proceedings, and cannot be attacked collaterally.

3. ———: ———: APPEAL TO COUNTY SUPERINTENDENT. An appeal will lie from their adjudication to the county superintendent, whose decision is binding upon the parties and may be enforced by action at law.

*Appeal from Wapello District Court.*

TUESDAY, MARCH 20.

THE district township of Competine was reorganized into independent school districts, plaintiff and defendant being among the number of independent districts thus created. Upon a division of assets and liabilities made by the directors of the district township, as provided by law (Code, Secs. 1715, 1820), the defendant was required to pay to plaintiff the sum of $100, in order to adjust, equitably, the rights of the respective new organizations. To recover this sum, with interest,

the action now before us was brought. Upon a trial to the court, without a jury, judgment was rendered for plaintiff. Defendant appeals.

*William McNett*, for appellant.

*W. H. C. Jaques*, for appellee.

BECK, J.—The proceedings of the directors of the district township, in making the distribution of its liabilities and assets among the newly created independent districts, were regular, at least no objection is made to the form of the proceedings or the jurisdiction of the tribunal acting in the matter. The only questions made in the case involve the effect to be given to the action and decision of that tribunal, composed of these directors.

I. The petition of plaintiff declares upon the award and decision of the directors, requiring the defendant to pay plaintiff the sum of $100. To the petition defendant answered, setting up, among other defenses, that it never assented to or agreed to be bound by the action of the directors, but always protested against the same as being illegal and inequitable; that plaintiff, well knowing this, took no steps and made no proposition to arbitrate the matters in difference between the parties, as provided by law, prior to the commencement of this action, and that defendant never refused to submit the differences to arbitration but proposed so to do on its part. As a further defense it is alleged that the directors had no authority to determine that defendant should pay the sum awarded, or any other sum, so as to give plaintiff a right of action therefor, "nor would plaintiff, in any event, be entitled to recover until it had exhausted its remedy by arbitration or proposal to arbitrate, and only then by showing that the amount claimed was equitably due, upon an equitable distribution of assets." Another count of the answer sets up facts upon which it is claimed that the action of the directors did not result in a fair and equitable division of the assets and liabilities of the districts, and that defendant, under a just distribution of the property of the district, instead of being required to pay to

plaintiff the sum of $100, would receive from other independent districts $129.

A demurrer to the counts of the answer containing these defenses was sustained. This ruling of the District Court constitutes the main ground of objection presented for our consideration by defendant's counsel. We are of the opinion that the demurrer was correctly sustained.

II. Upon the organization of independent districts and the abandonment of the district township, the directors of the last

1. SCHOOLS: subdivision of district township: apportionment of assets.

named corporation are, by the statute, constituted a tribunal for the distribution of its assets and liabilities among the newly created districts. Code, Secs. 1820, 1715. The last section cited contains this sentence, upon which a question of construction is raised by defendant: "The respective boards of directors shall, immediately after such organization [of the independent district], make an equitable division of assets and liabilities between the old and new districts; and, in case of failure to agree, the matter may be decided by arbitrators, chosen by the parties."

Defendant insists that, under this provision, if the independent districts do not *agree*, assent to the distribution made by the directors, an arbitration must be had in order to settle their differences. But this, most obviously, is not the meaning of the language of the latter part of the quotation. The disagreement therein provided for is not of the newly created districts, but of the *directors* of the districts who make the distribution —the disagreement in the tribunal acting upon the matter before them. The conclusion is so apparent that further consideration of the question is not demanded. The fact, then, set up in the answer, that no arbitration was had or demanded by plaintiff constitutes no defense to the action.

III. We are next required to determine the effect of the action of the directors in making the distribution of assets and

2. ———: jurisdiction: adjudication.

liabilities. The directors constituted, under the law, a special tribunal to determine questions growing out of the equitable distribution of assets and liabilities of the district township among the independent districts succeeding it. Their determination of these questions and their

final action upon the subject intrusted to their jurisdiction, as the adjudication of all other tribunals created by law, were final and conclusive until reversed by proper proceedings, and cannot be attacked in collateral actions. Code, Secs. 1820, 1715; *Dist. Tp. of Viola v. Dist. Tp. of Audubon*, p. 104, *ante;* *Ind. District of Oakville v. Ind. Dist. of Asbury*, 43 Iowa, 444; *Ind. Dist. of Georgia v. Ind. Dist. of Victory*, 41 Iowa, 321.

The facts set out in defendant's answer, if admitted, establish error in the decision of the directors, and nothing more; but decisions of tribunals of this character cannot be questioned for error in collateral proceedings brought to enforce them. The matters pleaded by defendant constitute no defense to this action; the demurrer was properly sustained.

IV. It is argued that the decision of the directors cannot be final and conclusive, in an action to enforce it, because there 3. ——: ——: can be no review of their action on appeal to the appeal to county super-intendent. county superintendent. But the premises upon which this argument is based cannot be admitted. Appeals, in all cases of law and fact, may be taken from the directors to the county superintendent. Code, Sec. 1873; *Vance v. Dist. Tp. of Wilton*, 23 Iowa, 408; *Ind. District of Granville v. Board of Supervisors*, 25 Iowa, 305.

But it is insisted that, as the county superintendent could not render a judgment upon an appeal in the exercise of judicial authority, the action of that officer would conclude neither party. While his final action would not be in the nature of a judgment, upon which process for the collection of the amount awarded to the party recovering could issue, it would be a decision binding upon the parties. In that case, the remedy for the collection of the amount awarded would be by action. No other remedy is given upon the decision of the directors.

The record fails to show error in the judgment of the court, rendered upon the evidence submitted under the issues joined upon the pleadings. It is, therefore,

AFFIRMED.