JOSEPHINE M. SPAGNOLA, doing business as SQUARE DEAL GROCERY, Appellee, v. IOWA EMPLOYMENT SECURITY COMMISSION, Appellant.

No. 46865.

JUNE 18, 1946.

F. D. Riley, of Des Moines, for appellant.

Neiman & Neiman, of Des Moines, for appellee.

OLIVER, J.—A partnership composed of L. B. and Grace McLaughlin operated a retail grocery business under the trade name of Square Deal Grocery. December 26, 1941, the partnership conveyed to a trustee, for the benefit of creditors, the merchandise, fixtures, accounts, trade name, etc. The trustee closed the store and on December 30, 1941, sold the merchandise and fixtures to appellee, Josephine M. Spagnola, for $5,-015.53. The trustee retained the accounts receivable, which

totaled $2,459.48. Appellee reopened the store and thereafter operated it.

A unit which employs eight or more individuals is subject to the provisions of the Iowa Employment Security Law, chapter 96, Code of Iowa, 1946 (formerly chapter 77.2, Code of 1939). The McLaughlins had employed eight or more persons. None of these was retained by appellee. She operated with five employees. However, in November 1944, she was notified of an assessment for contributions owed by her under the act, based upon wages paid by her in 1942, 1943, and 1944. The theory upon which her liability was predicated was that because the McLaughlins had been under the act, appellee's subsequent operations were also under the act until she filed with Iowa Employment Security Commission application for termination of coverage. (See section 96.8, Code of 1946, formerly section 1551.14, Code of 1939.) Upon appeal to the Commission the assessment was affirmed but upon review the district court reversed. The Commission has appealed to this court.

Appellant relies upon the following provisions of section 96.19, Code of Iowa, 1946 (formerly section 1551.25, Code of 1939):

"6. 'Employer' means: * * *

"b. Any employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this chapter."

Appellant concedes appellee did not acquire "the organization, trade or business" of the McLaughlin partnership. Appellant also concedes that if the accounts receivable, not acquired by appellee, are to be classed as "assets" of the organization, trade, or business, appellee did not acquire "substantially all the assets thereof." Hence the only question presented by this appeal is whether said accounts receivable were assets within the meaning of the statute. Our consideration is limited to this narrow proposition and we express no opinion as to either of the foregoing concessions.

Ordinarily, the expression "assets of an organization,

trade, or business" means the entire property, of all sorts, applicable or subject to the payment of the debts of such organization. In District Township of Williams v. District Township of Jackson, 36 Iowa 216, 219, we said:

"What are we to understand is implied by the use of the word 'assets?' It is often applied to the available property of the estate of a deceased person or a bankrupt, whether real or personal, which may be appropriated to the payment of debts, and to the available resources, whether they be lands or personalty of a corporation, partnership or merchant. * * *

"It is also used to describe the funds, credit or proceeds arising from the sale or disposition of real and personal property, and it is probable that the word is most frequently employed in this sense."

It is clear the expression usually includes accounts receivable. Appellant concedes this but argues that here the legislature must have intended the language to have a more limited meaning and to include physical assets only. Appellant asserts that, as a matter of practice, when such a business is sold (not in an insolvency proceeding) the accounts receivable are not transferred to the vendee. The record does not affirmatively show any such practice. Nor can we say the practice of excluding from the sale any assets (except possibly money and its equivalents) has been so general that the legislature must have used the language in the limited sense contended by appellant.

We hold the accounts receivable were assets within the contemplation of the statute. Hence, under the concessions, appellee, who purchased the stock and fixtures only, did not acquire substantially all the assets of the business, did not succeed to the prior status of the McLaughlins as an "employer" under the act, and was not liable for contributions for subsequent years.—Affirmed.

All JUSTICES concur.