**ESWOOD HOMES, INC.,**
**Petitioner-Appellant,**

v.

**IOWA DEPARTMENT OF JOB SERVICE, Respondent-Appellee.**

**No. 84–1876.**

Court of Appeals of Iowa.

Oct. 29, 1985.

David H. Goldman of Black, Reimer & Goldman, Des Moines, for petitioner-appellant.

Joseph L. Bervid, Walter F. Maley, and Blair H. Dewey, Des Moines, for respondent-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

The employer, Eswood Homes, appeals from judicial review affirming respondent agency's determination of petitioner's unemployment tax account experience rating. On appeal, petitioner asserts that the trial court erred by denying petitioner's motion for leave to present additional evidence, concluding that petitioner was a successor employer within the meaning of Iowa Code sections 96.19(5)(b) and 96.7(3)(b), and in finding that the hearing officer fulfilled his duty of inquiry.

E.S. Homes, Inc. was an Iowa corporation which manufactured modular homes and components. On July 30, 1981, E.S. Homes, Inc. sold its inventory, equipment, machinery, and sales contracts to Amwood Builder Services, Inc. of Janeville, Wisconsin. On that same day, Amwood Builder Services, Inc. changed its name to Eswood Homes, Inc.

Eswood Homes rented the grounds and buildings previously used by E.S. Homes. Eswood Homes also hired eleven of E.S. Homes' seventeen former employees. In addition, Eswood Homes hired several new employees and brought in its own management personnel.

On November 11, 1982, respondent agency determined that Eswood Homes had acquired substantially all the business assets of E.S. Homes and thus, assumed successor status to E.S. Homes. Eswood Homes contested this determination. After a hearing, the agency decision was affirmed. Eswood Homes filed an application for rehearing. The application was deemed denied by operation of law.

Eswood Homes filed a timely petition for judicial review. Eswood Homes later moved for leave to present additional evidence showing: the value of E.S. Homes' receivables not acquired; that one-half of the purchased inventory was not usable by Eswood Homes; that Eswood Homes remodeled and expanded the former facilities of E.S. Homes; that E.S. Homes changed its corporate name and continued as an Iowa corporation. Eswood Homes asserted that this information was not known to it at the time of the contested case hearing. The district court denied the motion, ruling that Eswood Homes did not show good reason for failing to present the evidence to the hearing officer. After a hearing, the district court entered its order denying Eswood Homes' petition for judicial review and affirming the agency's decision.

## I.

The initial issue we address is whether the employer should have been allowed to present additional evidence after the district court affirmed the agency's original decision.

Additional evidence can be submitted in a case such as this provided the evidence is material and good reasons exist for failing to present the evidence at the contested case proceeding. Iowa Code § 17A.19(7) (1985). *See also Cedar Valley Leasing, Inc. v. Iowa Department of Revenue*, 274 N.W.2d 357, 362 (Iowa 1979).

The employer sought to introduce additional evidence regarding the value of E.S. Homes' receivables, the location and value of real estate retained by E.S. Homes, and E.S. Homes' change of its corporate business.

■ We agree with the district court that such evidence is material; however, the employer has not established a good reason within the meaning of section 17A.19(7) as to why such evidence could not have been produced at the initial proceeding. While the employer concedes such evidence existed at the time of the initial proceeding, the importance of such information was not appreciated because the employer never received the appropriate Job Service files. We reject this contention. The record clearly shows the hearing officer was willing to reschedule the proceeding to allow the employer an opportunity to review the contents of the file. The employer, for reasons unknown, did not seek the offered continuance. The employer cannot, at this stage of the proceedings, claim error when the hearing officer offered a continuance which the employer did not pursue. We uphold the trial court's decision that good cause did not exist for failing to present such evidence.

## II.

The dispute in this case centers on whether Eswood Homes is required to assume the tax rate of E.S. Homes, Inc. Eswood does not want to have a 6% tax rate because a new business has only a 1.8% provisional tax rate. The employer vigorously asserts that it is not a successor employer (1) who acquired substantially all

the assets of the previous employer and (2) continues to operate the same business as defined in Iowa Code sections 96.19(5)(b) and 97.7(3)(b), respectively.

A. To be a "successor employer" under Iowa Code section 96.19(5)(b), the purchaser must acquire "the organization, trade or business, or substantially all of the assets" of the transferor. The operative statutory language in this case is the "substantial assets" prong of the successor employer test. The administrative rule defining this term provides:

Substantially all of the assets as used in section 96.19(5)"b" are acquired if an employing unit acquires substantially all of the assets of any employer which generate substantially all of the employment, except those retained incident to the liquidation of obligations.

Iowa Admin.Code 370–3.28(3) (1980).

It is further established that "a finding of 'successor employer' status is not to be made by an inflexible, mechanical application of either the statute or the regulations but rather upon a determination of whether, by reason of the transfer, the transferee enjoys a substantially similar capacity to carry on a business operation similar to that of the transferor." *Contract Services, Ltd. v. Iowa Department of Job Service,* 372 N.W.2d 212, 215 (Iowa 1985).

■ The employer maintains the record is devoid of any evidence showing the total assets of E.S. Homes so as to meaningfully determine which assets generated substantial employment. Notwithstanding such assertions, we find that there is substantial evidence to support the finding that Eswood Homes acquired substantially all of the assets of E.S. Homes. Eswood Homes leased the grounds and building which E.S. Homes used as its Toledo, Iowa, plant and continued to manufacture the same modular home components. Eswood Homes retained eleven of E.S. Homes' seventeen employees. Eswood obtained not only the tools and equipment of its predecessor, but also the inventory, supplies, and the right to all existing sales contracts. Amwood Homes, in an attempt to capitalize on E.S.

Homes' goodwill and trade name, changed its name to Eswood Homes on the day of the transfer. We are hard pressed to think of any assets not acquired by Eswood that would have generated substantial employment for E.S. Homes. Thus, Eswood Homes did acquire substantially all of E.S. Homes' assets which generated substantially all of the employment.

■ B. To be a successor employer, it is also necessary to find a continuity of business under 96.7(3)(b). Although a new management tier was brought in by Amwood, we find that by reviewing facts such as the name change to Eswood Homes from E.S. Homes and that modular homes were manufactured from the same location, in addition to other previously mentioned facts, the two businesses appear to be a continuous operation.

In spite of this background, the employer directs us to *Easy Street West v. Commissioner of Economic Security,* 345 N.W.2d 250 (Minn.Ct.App.1984), in an attempt to reverse the district court's findings. In *Easy Street West,* a tavern which catered primarily to motorcycle gang members was purchased by a new owner who was patronized by a wholly new clientele such that the bar became known as a neighborhood bar. We find no similar wholesale change in the type of customers present in this case. Having different customers in one line of business—taverns, as opposed to modular home manufacturing—can lead to different conclusions on the continuity of business issue due to structural differences within the respective industries. While the employer contends sales are made to different customers than previously, this is not equivalent to the sweeping changes in *Easy Street West.*

Moreover, no former employees of Easy Street West worked at the new establishment. Eleven of seventeen former employees work for Eswood Homes. For these reasons, we have narrowly construed *Easy Street West* and distinguish it from the case at bar. The recent case of *Contract Services* involved a situation where the suc-

cessor had the same customers as its predecessor which is not the case here, yet we hold that Eswood Homes did continue to operate the same business at E.S. Homes. The hearing officer properly determined that Eswood Homes was a successor employer under Iowa law.

### III.

The final contention by the employer is that the hearing officer failed to meet his duty of inquiry into all the relevant facts. We disagree.

The hearing officer repeatedly inquired as to whether the employer wanted to offer additional evidence. The employer responded that he did not. Further, the employer requested and received rules which outlined the criteria to show successorship. Based on the evidence adduced, the hearing officer reached a reasonable conclusion. We are unwilling to find the hearing officer failed in his inquiry duty, when the employer did not present his case adequately when given ample opportunity to do so.

The employer cannot preserve error by failing to present certain evidence at the hearing and, upon an adverse finding, complain that the hearing officer failed to meet his inquiry duty when the employer led him to believe he had satisfied his responsibilities. The hearing officer competently addressed all the evidence submitted and we uphold this decision.

AFFIRMED.