RITEWAY OIL & GAS COMPANY,
INC., Appellant,

v.

IOWA DEPARTMENT OF JOB
SERVICE, Appellee.

No. 87–617.

Supreme Court of Iowa.

May 11, 1988.

Raymond E. Pogge of Pogge, Root &
Fleming, Council Bluffs, and J. Russell
Derr of Erickson & Sederstrom, P.C., Oma-
ha, Neb., for appellant.

Walter F. Maley, Des Moines, for appel-
lee.

Considered by HARRIS, P.J., and
SCHULTZ, CARTER, NEUMAN and
SNELL, JJ.

SNELL, Justice.

On October 15, 1984, petitioner, Riteway
Oil and Gas Company, Incorporated, en-
tered into a sale and purchase agreement
with Koch Fuels, Incorporated. The agree-
ment transferred the ownership of certain
real property, improvements, fixtures,
equipment and inventory located in Council
Bluffs, Iowa, from Koch to Riteway. Rite-
way began operating a service station at
this location, as had Koch previously.

On March 28, 1986, the department of job
service notified Riteway that it would be
considered a successor employer to Koch
and would consequently have its contribu-
tion rate recalculated retroactive to 1985 so
as to include Koch's experience. Koch had
been steadily selling off its service stations
over a ten-year period, Riteway being the
purchaser of its last service station in
Iowa. Due to Koch's sell-off, its unemploy-
ment compensation rate was high. Rite-
way complained that making it a successor
employer "crammed down" Koch's unfa-
vorable rate on it and resulted in a substan-
tial increase in Riteway's rate. Riteway
pursued an unsuccessful administrative ap-
peal, was denied rehearing and then sought
judicial review on the issue of whether it
was a successor employer to Koch. The
district court, while believing Riteway to be
a successor to only part of Koch's business,
concluded that Riteway was barred from
claiming such status by a statutory limita-
tions period. *See* Iowa Code
§ 96.7(3)(b)(1983). This appeal followed.

As it has done at all stages of these
proceedings, Riteway contends it is not a
successor employer to Koch. Job service
has never contended that Riteway succeed-
ed to only part of Koch's business. Our
courts have eschewed rigidity in their re-
view of successor employer determinations,
opting instead for a common sense determi-
nation of "whether, by reason of the trans-
fer, the transferee enjoys a substantially
similar capacity to carry on a business op-

eration similar to that of the transferor." *Contract Servs., Ltd. v. Iowa Dep't of Job Serv.*, 372 N.W.2d 212, 215 (Iowa 1985). Also, the cases note the centrality of a finding of business continuity to the successorship inquiry. In *Burlington Truck Lines, Inc. v. Iowa Employment Sec. Comm'n*, 239 Iowa 752, 756, 32 N.W.2d 792, 795 (1948), for example, we stated that the purpose of these statutes is "to avoid requiring the commencement of a new stabilizing period where there is continuity of operation in spite of the transfer." *See also Eswood Homes, Inc., v. Iowa Dep't of Job Serv.*, 379 N.W.2d 33, 36 (Iowa App. 1985). This continuity principle is expressed in the statutory scheme. Before a transferee is deemed to "assume the position of the predecessor employer with respect to such predecessor's ... contribution rates," Iowa Code § 96.7(3)(b)(1983), it need not only qualify as an "employer" within the statute, *see* Iowa Code § 96.19(5)(b)(1983), but must also "continue[ ] to operate such enterprise [or business]," *id.*

Iowa Code section 96.19(5)(b) provides that the determination of "employer" status within chapter 96 is made with reference to the acquisition of (a) all or part of the organization, trade, or business of the transferor, or (b) substantially all of the assets of the transferor. *See also Contract Servs.*, 372 N.W.2d at 214. The determination challenged in this case was based upon the agency's conclusion that Koch transferred all of its business to Riteway. The applicable administrative rule, 370 Iowa Admin.Code 3.28(2) (now located at 345 Iowa Admin.Code 3.28(2)(1987)), provides that this prong of the section 96.-19(5)(b) test is met

> if an employer unit acquires factors of an employer's organization, trade or business sufficient to constitute an entire existing going business unit as distinguished from the acquisition of merely assets from which a new business may be built. The question of whether an organization, trade or business is acquired is determined from all the factors of the particular case. Among the factors to be considered are:
> a. The place of business.

> b. The staff of employees.
> c. The customers.
> d. The good will.
> e. The trade name.
> f. The stock in trade.
> g. The accounts receivable.
> h. The tools and fixtures.
> i. Other assets.

We think the record clear that Riteway, rather than acquiring an entire existing going business, acquired merely assets from which it built a new business. Riteway did not acquire Koch's accounts receivable, any customer lists, its goodwill or its trade name. Riteway did not agree to take on Koch's employees and, in fact, hired only the previous station manager. Although Riteway purchased Koch's inventory, it then changed the brand of products it offered. As a result, we do not think the transfer left Riteway with a substantially similar capacity to carry on a business operation similar to Koch's. All that continued from Koch's business was the operation of the same generic type of business at the same location. This is not enough to constitute the continuity of business envisioned by the statute. *See generally Spagnola v. Iowa Employment Sec. Comm'n*, 237 Iowa 645, 23 N.W.2d 433 (1946); *James v. McCoy Mfg. Co.*, 431 So.2d 1147 (Ala. 1983).

We hold that as a matter of law Riteway did not continue to operate all or part of Koch's business and therefore does not qualify as a successor employer within section 96.7(3)(b). In order to correct errors of law which are dispositive of the case, we may remand this case to the agency for a final appropriate disposition. *See, e.g., Des Moines Indep. Community School Dist. v. Department of Job Serv.*, 376 N.W.2d 605, 611 (Iowa 1985). This we now do by reversing the district court's judgment and remanding this case to the agency to determine Riteway's rate without consideration of Koch's experience.

REVERSED AND REMANDED.