THE STATE *ex rel.* v. THE CITY OF LYONS.

1. **Quo warranto: WHEN PROCEEDINGS WILL LIE: CITY ORDINANCES.** Procedings in *quo warranto* will not be entertained for the purpose of annulling a city ordinance passed in the irregular and improper exercise of a power conferred by law.

2. —— *Semble* that the proceeding will not in any case be entertained for the purpose of declaring void or annulling a legislative act, whether it be of the State or of an inferior municipal corporation; and that its proper sphere and office is not to annul what has been done, but to affirm, or adjudge as unauthorized, the claim to the office, franchise or power in question, and in case of adverse claimants to award the office or franchise to the one having the legal right thereto.

*Appeal from Clinton District Court.*

FRIDAY, APRIL 28.

ON the 26th day of August, 1870, an information, in the nature of a *quo warranto*, was filed by Lyman A. Ellis, district attorney of the seventh judicial district of the State of Iowa, on the relation of Elijah Buell, causing the court to be informed, that Lyons city is, and has been for several years last past, a corporation under the laws of said State. That the legislative power of said city is vested in a council, which has no power to vacate a street or part thereof, except the following contained in the act creating said city, to wit: " To establish and locate streets and alleys, and to vacate the same, upon the petition of two-thirds the value of the real property on both sides of the street or alley where the change is desired."

That on the 23d day of August, 1870, said council passed an ordinance to vacate a portion of Main street in said city (which ordinance is set out in full). That said ordinance was passed without the petition of the owners of two-thirds the value of real property on both sides of

the part of the street to be vacated, and was therefore passed without lawful authority, and is void; that said city by its council claims that it is valid, and is causing it to be published as such. That said Buell was and is a member of the council and did not consent to, but opposed, the passage of said ordinance; that he owns, and has for a long time, real estate on both sides of said street where it is ordered vacated, and did not petition therefor, but is interested in preventing the vacation. The information concludes with a prayer that defendants be required to show by what authority the ordinance was passed; that judgment be rendered that said ordinance is null, and excluding the city from attempting to vacate the said street without a petition of two-thirds, etc., and for costs.

The defendants demurred, for that sufficient facts were not stated, nor was such proceeding allowable, etc. The demurrer was sustained, and the plaintiff appeals.

*Leffingwell & Brother* and *Cotton & Cross* for the appellant.

*D. W. Ellis* for the appellees.

Cole, J. — Our statute provides (Rev., § 3732), "an information may be filed against any person unlawfully holding or exercising any public office or franchise within this State, or any office in any corporation created by the laws of this State, and when any public officer has done or suffered any act which works a forfeiture of his office, or when any persons act as a corporation in this State without being authorized by law, or, if being incorporated, they do or omit acts which amount to a surrender or forfeiture of their rights and privileges as a corporation, or when they exercise powers not conferred by law."

Our attention has not been directed to, nor have we

been able to find, any case in the books where proceeding in *quo warranto*, or information in the nature thereof, has been entertained for the purpose of declaring void or annulling a legislative act, whether passed by a State or an inferior municipal legislature. It is not necessary for us to definitely determine in this case whether or not, under our statute, such a proceeding can, under any circumstances, be maintained, since we ground our decision herein upon the special facts set forth in the information.

It appears by the clause of the act creating said city, as set out by the informant, that the city has power " to establish and locate streets and alleys, and to vacate the same, upon the petition of two-thirds the value of the real property on both sides the street or alley where the change is desired." From this it is apparent that the city is clothed with the power to vacate streets, and, therefore, when the council passed the ordinance in question, they did not exercise powers not conferred by law. But, at the most which can be made from all the statements of the information, they were exercising a power conferred by law in an irregular and improper manner. The statute does not authorize this proceeding for a mere irregular exercise of a conferred power, although such irregularity may be sufficient, when tested, to vitiate or render void the act done. Every clause of the section of the statute quoted shows that the proceeding by information is only authorized in cases where the office, franchise or corporate authority is exercised in the absence of the vital element of *power*. If the power attaches, the *manner* of its exercise cannot be challenged by information or *quo warranto*. Nor is it within the legitimate scope of the relief afforded by such proceedings to declare null and void what may have been done, but only to affirm, or adjudge as unauthorized the claim to the office, franchise or power which may have been theretofore, with or without color of right, unlawfully

exercised; and in case of adverse claimants to award the office or franchise to him having the legal right thereto.

Affirmed.