THE DISTRICT TOWNSHIP OF VIOLA v. THE DISTRICT TOWNSHIP OF AUDUBON.

1. **School Districts**: DIVISION OF TERRITORY: ASSETS. When a part of the territory of one school district is attached to that of another, the boards of directors of the two districts or arbitrators chosen by them shall apportion the assets upon the re-organization of the districts, and their jurisdiction for this purpose is exclusive.

*Appeal from Audubon Circuit Court.*

MONDAY, DECEMBER 11.

In March, 1874, there was a re-organization of school districts, and a portion of the territory theretofore forming a part of the defendant was attached to and became a part of the

plaintiff, and this action is brought for the purpose of obtaining a division of the assets.

The cause was referred, and upon the coming in of the report the court rendered judgment thereon, and the defendant appeals.

*John W. Scott*, for appellant.

*H. W. Hanna*, for appellee.

SEEVERS, CH. J.—That there may be a division of the assets upon the re-organization of school districts, and also the tribunal by whom such division shall be made, is prescribed by statute. Section 1715 of the Code provides: 1. That the old board of directors shall act for both the old and new districts until the latter elects a board. 2. The respective boards of the new and old districts shall then make an equitable division of the assets; and 3. In case of their failure to agree, the matter shall be decided by arbitrators chosen by the parties in interest.

1. SCHOOL districts: division of territory: assets.

The petition states that no division has been made, and that defendant refuses to arbitrate or make any division of the assets. This is denied in the answer, and the referee failed to make any finding in reference thereto.

The respective boards of directors are yet in existence, and, therefore, this case is distinguishable from *The Independent School District of Georgia v. The Independent School District of Victory*, 41 Iowa, 321. While this is true, it seems to have been the opinion of BECK, J., if not of the court, in that case, that a special tribunal having been created by statute, clothed with power to make a division of assets between the old and new organizations, the jurisdiction of such tribunal was exclusive during its existence. This seems to us to be the reasonable and proper view. It is eminently just that the division should be made by the local tribunal appointed by law. It must be an equitable division in view of all the circumstances shown, and what is equitable is for such tribunal to determine. It would seem that the General Assembly had, without doubt, intended that an appeal to the courts

should not be had. It is true, if the local tribunal declines to act, that the courts by *mandamus* will compel such action, but cannot dictate what is an equitable division of the assets.

This jurisdictional question was not raised in the court below, nor has it been in this court; but consent never gives jurisdiction over the subject matter, and it may and should be raised by the court at any state of the proceedings.

Especially is this true in this character of action, for we would not even by implication sanction a resort to the courts in cases of this kind, unless the tribunal appointed by law had ceased to exist and there was no other remedy.

The judgment below will be set aside and the cause remanded with directions to strike the action from the docket for want of jurisdiction, unless the plaintiff can, by proper averments, so amend the petition as to constitute and make the same a petition seeking relief such as may be given in an action of *mandamus*.

The appellee must pay the costs.

APPEAL DISMISSED.