THE DIST. TWP. OF EDEN v. THE IND. DIST. OF TEMPLETON ET AL.

| 72 | 687 |
|----|-----|
| 78 | 455 |
| 72 | 687 |
| 109 | 500 |
| 72 | 687 |
| 110 | 93 |
| 110 | 706 |
| 72 | 687 |
| 133 | 592 |

1. **Mandamus:** DEMURRER: MUST BE SPECIFIC. The action of *mandamus* being an action at law, (Code, § 3379,) a demurrer to a petition in such case, on the ground that "the facts stated therein do not entitle the plaintiff to the relief demanded," should be overruled as not being sufficiently specific. (Code, § 2649.)

2. **School Districts:** REFUSAL TO ACT ON PROPOSED CHANGE OF BOUNDARIES: MANDAMUS. The plaintiff district, to which the defendant district formerly belonged, proposed, in due form, to the defendant district a change of boundaries. The directors of the defendant district having failed and refused to take any action whatever on the proposition, *held* that *mandamus* would lie to compel them to act. (Compare *Hightower v. Overhaulser*, 65 Iowa, 347.)

3. **Appeal:** MANDAMUS: AMOUNT INVOLVED. This court has jurisdiction of an appeal in a case of *mandamus*, to compel a board of school directors to act upon a proposed change of boundaries, without a certificate of the trial judge,—it not appearing *from the pleadings* that the amount involved does not exceed $100.

*Appeal from Carroll District Court.*

WEDNESDAY, OCTOBER 19.

THIS is an action of *mandamus* to compel the directors of the independent district of Templeton to take action upon a proposed change of the boundaries of said district. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*Benjamin I. Salinger*, for appellant.

*F. M. Powers*, for appellees.

ROTHROCK, J.— I. The demurrer to the petition was in

these words: "The defendants demur to the petition herein filed upon the following ground: The facts stated therein do not entitle the plaintiff to the relief demanded." The action of *mandamus* is an action at law, and is prosecuted in all respects as an ordinary action. (Code, § 3379.) A demurrer in an action at law must specify the grounds of objection to the pleading attacked by the demurrer. It is not sufficient to state the objection in the terms of the statute, as is done in this case. The demurrer not being sufficiently specific, it should have been disregarded by the court. (Code, § 2649.) The judgment of the district court must be reversed upon this ground.

*1. MANDAMUS: demurrer: must be specific.*

II. But the plaintiff seems to desire that a ruling should be made by this court as to the sufficiency of the petition, and as both parties have argued the case upon its merits, we have thought it better to determine the question actually involved in the case. It appears from the petition that the territory composing the defendant district formerly belonged to the plaintiff, the district township of Eden. The plaintiff, by its board of directors, made an order that the boundaries of the two districts be changed, and petitioned the board of directors of the defendant to concur in said proposed change of boundary. The defendant's board of directors failed, neglected and refused to concur in, or to disapprove of, said proposed change. The prayer of the petition is that the defendant be compelled to take action in the matter. We think that, under the decision in the case of *Hightower v. Overhaulser*, 65 Iowa, 347, the petitioner alleges facts sufficient to compel the defendants to take action. And, in our opinion, the plaintiff is a proper party to make the demand for such action. The cited case appears to us to be, in principle, the same as the case at bar.

*2. SCHOOL districts: refusal to act on proposed change of boundaries: mandamus.*

III. It is contended by counsel for the defendant that

the cause involves less than $100, and that the appeal will not lie, because no question of law is certified to
**3. APPEAL:** mandamus: this court by the trial judge. Section 3173 of
amount involved. the Code, which limits appeals to this court in cases involving $100 or less, has no application to this case. That statute has reference only to cases where the amount in controversy, "*as shown by the pleadings*," does not exceed $100. The petition in this case does not show that the amount in controversy does not exceed $100. It is plain that an appeal will lie in such case without a certificate of the trial judge.                    REVERSED.