| 82 | 169 |
| 110 | 706 |

Independent District of Lynnville, Appellee, v.
District Township of Lynn Grove
*et al.*, Appellants.

School Districts: BOUNDARIES. An independent school district which has within its borders the whole territory of an incorporated town, may, under section 1809 of the Code of 1873, be extended so as to include any adjacent territory in the township, by the concurrent action of the respective boards of directors.

*Appeal from Jasper District Court.*—Hon. W. R. Lewis, Judge.

Thursday, February 5, 1891.

This is an action for a *mandamus* to compel the defendants to take action upon a proposition to change the boundaries of the plaintiff district by adding certain territory thereto. There was a demurrer to the answer, which was sustained; and the defendants appeal. *Affirmed.*

*H. S. Winslow,* for appellants.

*Alanson Clark,* for appellee.

Rothrock, J.—A motion filed by defendants to require the plaintiff to make the petition more specific in certain particulars was overruled. The defendants afterwards answered the petition. As the filing of the answer waived the right to complain of the ruling of the court upon the motion, the question as to whether the ruling was erroneous need not be considered.

It is not necessary to set out the petition and answer in detail. The action really involves but a single question, which can be better understood by a brief statement of the facts. It appears that the town of Lynnville is quite a small village, and the territorial limits of the independent school district of Lynnville are

coextensive with the limits of the incorporated village of that name. It is claimed by the plaintiff that the property within the district subject to taxation is not sufficient in value to support a school within the district. The district is part of the civil township of Lynn Grove, which with the exception of the plaintiff district is organized on the subdistrict plan. The board of directors of the plaintiff district made an order to attach certain additional territory from the township adjoining. They presented this order to the district township board, and requested a concurrence in the proposed change. The district township board failed and refused to take action thereon.

The ground upon which the claim for a reversal is based is that, as the plaintiff district now has within its boundaries the whole of the territory of the incorporated village of Lynnville, there is no authority of law for extending the boundaries of the district so as to include any adjacent territory in the township. Section 1809 of the Code is as follows: "When an independent district has been formed out of a civil township or townships, as herein contemplated, the remainder of such township, or of each of such townships, as the case may be, shall constitute a district township, as provided in section seventeen hundred and thirteen of this chapter, and the boundaries between such district township and independent district may be changed or the independent district abandoned at any time with the concurrence of their respective boards of directors." It is contended that this section of the Code has no application where the independent district has been formed out of the territory embraced in a city or town, and that it has reference to districts which are formed in the country part of the townships, and to them only. If this claim should be conceded, the result would be to compel the plaintiff in this case, and all other districts similarly situated, to maintain a school even though the levy of taxes to the full extent of the law would be sufficient for that purpose. If the statute has no application to districts existing in territory

coextensive with towns or villages, then, for the same reason urged by appellants, they cannot abandon the independent district system, because the statute provides that this must be done with the concurrence of "the respective boards of directors." The more reasonable construction is that all the districts in a civil township are parts of the township, and that they are "formed out of a civil township," no matter whether they are village districts or country districts.

It is claimed that, under chapter 118 of the Acts of the Nineteenth General Assembly, the boundaries of incorporated cities and towns are required to be coextensive with the boundaries of the independent district where that system has been adopted. That act merely provides that all of the territory of an incorporated city or town, whether included in the original incorporation or afterwards attached thereto, shall be or become a part of the independent district or districts of said city or town. This provides that all the municipality shall be within the city or town district, but it does not provide that the limits of such district may not be extended by the concurrent act of the two boards of directors.

We think the demurrer to the answer was properly sustained. AFFIRMED.