THE DISTRICT TOWNSHIP OF FRANKLIN, GREENE COUNTY, IOWA, Appellant, v. SUMNER WIGGINS *et al.*

**School Districts:** SETTLEMENT BETWEEN: *Powers of courts.* Under McClain's Code, section 2821, 2921, requiring, in case of a school district being formed out of part of another district, that the respective boards of directors meet and make eqitable division of the assets and liabilities, and, if they fail to agree, that the matter be submitted to arbitrators chosen by the parties; demand for settlement and division must be made by one authorized to make

demand on one authorized to act, and then, one of the boards of arbitrators failing to act, mandamus will lie to compel action; but the new district cannot take what it considers itself entitled to, nor can the courts make the division.

**Publication of Laws:** DESIGNATING PAPER. An act providing that it. shall be published in the "Jefferson *Souvenir*" is complied with by publication in the "*Souvenir*," a paper published at Jefferson.

*Appeal from Green District Court.*—Hon. Z. A. Church,. Judge.

Thursday, October 19, 1899.

Suit in equity to enjoin defendants from removing,. controlling, or in any manner interfering with a school house said to be located in the district township of Franklin, Greene county. Defendants plead that they are the directors of the independent district of Cooper, in which said school house is located, and that they had full power and author- ity over the house, its furniture and belongings. Plaintiff, in reply, denies the legality of the organization of the inde- pendent district, which, it appears, was carved out of terri- tory theretofore belonging to it; and further says that there has never been any division of the assets and liabilities of the respective districts. It also pleads that there was a full and complete abandonment of the proceedings looking to the establishment of an independent district. The trial court dismissed the plaintiff's petition, and plaintiff appeals.. —*Reversed.*

*Rose & Henderson* for appellant.

*Owen Lovejoy* and *Russel & Toliver* for appellees.

Deemer, J.—For some time prior to the commence- ment of this suit the township of Franklin, in Greene county was organized for school purposes, under the name of the "District Township of Franklin." Within the limits of the township was located the unincorporated village of Cooper. In February of the year 1896, the defendants and others,.

who were residents of Cooper, held a secret meeting for the purpose of organizing an independent district. No notice of this meeting was given. It was held at night, and only those known to be favorable to the project were invited. The meeting determined to organize an independent district, to be composed of sections 9, 10, 15 and 16 of what had theretofore been a part of the district township. The legislature of the state was then in session, and, as a part of the scheme, a bill was presented to that body for the enactment of a law legalizing the action of the meeting in organizing the independent district. The bill was passed, and is what is known as chapter 170 of the Acts of the Twenty-sixth General Assembly. It was ordered to be published in the *Iowa State Register* and the *Jefferson Souvenir*. Claim is made that the act was never legally published. To that contention we will hereafter give some attention. Prior to the passage of the bill, nothing had been done save to elect the officers of the district. Included in the territory of the independent district was the land upon which the school house of subdistrict No. 2 was located. Shortly after the passage of the act, a conference was had between the boards of the respective districts with reference to a settlement of their differences relating to the legality of the independent district; and on the one hand it was contended that it was agreed that, if plaintiff would vote a tax for the erection of a school house in the village of Cooper, the attempt at organization of the independent district would be abandoned; while, on the other, it is contended that the consideration for the abandonment of the proceedings was not only a promise on the part of plaintiff to vote the tax, but also to build the school house. Whatever may be the truth about this, plaintiff voted the tax for the year 1897, which was as soon as it could legally be done. Shortly thereafter a controversy arose between the representatives of the different organizations, each side claiming that the other had failed to comply with its agreement, and defendants, who claimed to repre-

sent the independent district, went to the school house in what was theretofore known as "Subdistrict No. 2," which was something like a mile and one-half from the village of Cooper, and removed the seats, the stove, and the blackboards therefrom, locked the door against the plaintiff, and threatened to move the school house to the village. This suit was then commenced to restrain the threatened removal, and to compel defendants to return the property taken from the building.

A determined assault is made on the legalizing act. It is claimed that it is special legislation, and that it was never published as required. We do not find it necessary to pass on the first proposition, and the last is without merit. The act provides that shall become effective after publication in the *Iowa State Register* and the *Jefferson Souvenir.* It appears that there is published at the town of Jefferson a paper known as the "Souvenir." In that paper the act was published. True, the paper does not bear the name *"Jefferson Souvenir,"* but that it is the Jefferson *"Souvenir"* is clear  The mere statement of the case shows that the act was properly published.

II.  Under the law as it existed when the attempt was made to form the independent district, it was incumbent on the respective boards of directors to meet, and make equitable division of the then existing assets and liabilities between the new and old districts; and, in case they failed to agree, the matter was not submitted to arbitrators chosen by the parties in interest. McClain's Code, sections 2821, 2921. As we have already seen, no such meeting was held. The school house and all its belongings was the property of plaintiff until awarded to the newly-formed independent district, and, as no such award was made, the defendants had no authority to remove the fixtures from the building or to move the building itself. Courts have no authority to make this settlement or adjustment.

*District Tp. of Viola v. District Tp. of Audubon,* 45 Iowa, 104. If one of the boards failed to meet after proper notice, or if the arbitrators failed to act, mandamus would lie to compel action. *District Tp. of Eden v. Independent Dist. of Templeton,* 72 Iowa, 687; *Independent Dist. of Lynnville v. District Tp. of Lynn Grove,* 82 Iowa, 169, and cases cited.

Appellees contend, however, that they demanded a settlement of the plaintiff, and that plaintiff refused to meet them for that purpose. A careful examination of the record leads us to the conclusion that no such demand was made. There were, it is true, two different meetings regarding a settlement. But that settlement was not the division of the assets and liabilities contemplated by the statutes to which we have referred. The matters discussed at these meetings were the legality of the organization of the independent district, and what should be done to induce the defendants and others, who represented the independent district, to abandon their proceedings looking to the organization of a new district. At the first meeting, some kind of an agreement was made by which these defendants agreed to abandon their organization. But at the second meeting a controversy arose as to whether the plaintiff had agreed to vote the tax for the new school house, or whether it should actually be built, and as to whether the defendants should abandon their organization before the new school house was erected. Nearly everyone present at the second meeting became angry, and quite a number left before it was concluded. We do not think there was any statutory demand for settlement and division of assets and liabilities at this second meeting. But, if there was, it was of no validity, because the demand did not come from any one who was authorized to make it, and was not made of any one who was authorized to act. The persons who, it is said, made the demand, persisted in declaring that they were present in an individual capacity, and not as mem-

bers of the board, and the persons who were present representing the plaintiff were the electors, as we understand it.

Appellees further contend that the school house of subdistrict No. 2, which they purpose taking, is no more than they are entitled to, on a fair division of the property. This may be true, but the difficulty is that we have no authority to so declare. That question must be settled by the special tribunal created by statute. Hence the evidence as to the assets and liabilities of the respective districts was and is wholly incompetent and irrelevant.

Appellant contends that appellees have abandoned their attempt at separate organization by the first agreement, to which we have referred. In view of the conclusion reached on the other proposition, that point need not be determined. Nor are we required to pass upon the legality of the legalizing act. It may be observed in passing, however, that there is much to be said in favor of the proposition that it is invalid, as applied to the peculiar facts of this case. Further investigation might lead to a different conclusion, however, and we are not disposed to do more than express our doubts regarding the validity of the act. The judgment of the district court is reversed, and the cause is remanded for a decree in harmony with this opinion.—REVERSED.