THE SCHOOL TOWNSHIP OF FRANKLIN, ETC., Appellant, v. S. W. WIGGINS et al., Appellees.

**School Districts:** INJUNCTION: PLEADING. In an action by a school township for an accounting and to restrain certain persons, acting as officers of an independent district within the township from further interference with the rights of the school township, it was error to strike from the petition an allegation that defendants had wrongfully levied, collected and expended taxes, on the ground that it stated a distinct cause of action improperly joined, as the same simply set forth an unauthorized act properly a part of plaintiff's cause of action.

**Injunction:** UNAUTHORIZED OFFICIAL ACTS: QUO WARRANTO. Code section 4313, authorizing a quo warranto proceeding to test official and corporate rights, does not preclude a school township from maintaining an action in equity in its own name to enjoin persons, assuming without authority to act as officers of an independent district within the township, from interfering with the rights of the school township and also for an accounting, as the former proceeding is for the protection of public interests and the latter to redress private wrongs.

**Pleadings:** RELIEF:   QUO WARRANTO.   A petition in an action by a school township against persons unlawfully acting as officers of a school district within the township, which alleges that the school township and its jurisdiction are co-extensive with the civil township, that defendants without authority have taken possesison of part of said territory and seized upon its revenues, and have by fraud secured a legalization of its wrongful acts, states a cause of action cognizable in equity, and for which a proceeding in quo warranto is not a remedy.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH, Judge.

FRIDAY, FEBRUARY 5, 1904.

ACTION in equity for an injunction, for an accounting, and other equitable relief. On motion of defendants, the court struck out many of the allegations of plaintiff's petition. Thereafter the defendants answered, and to the answer plaintiff filed a demurrer, which was overruled. Plaintiff elected to stand upon its demurrer, and refused to plead further. Thereupon judgment was rendered in favor of defendants for costs, and the plaintiff appeals. The further facts necessary to an understanding of the case will be stated in the opinion. —*Reversed.*

*J. A. Henderson* and *Wilson & Albert* for appellant.

*Owen Lovejoy* and *G. S. Tolliver* for appellees.

BISHOP, J.—The petition as originally filed was in one count. The defendants moved the court that plaintiff be required to separate its petition into counts, and, this motion having been sustained, the plaintiff thereafter filed an amended and substituted petition in three counts. In the first count it is alleged, in substance, that plaintiff is the school township of Franklin, in Greene county, and known, prior to the adoption of the present Code, as the district township of Franklin; that as such it has all the powers incident to a school township. It is then said that the defendants, Wiggins and six others, naming them, under claim that a part of the territory of said township, viz., sec-

tions 9, 10, 15, and 16 therein, has been organized into an independent school district known as the "Rural Independent School District of Cooper," and of which said defendants claim to be the directors and officers, have been and still are *wrongfully and unlawfully* assuming to act as such directors and officers for such alleged independent district, and to perform the functions and use the powers conferred by law upon directors of independent districts; that they *have wrongfully levied and collected taxes on the property in said territory, and expended the same, and will continue to do so unless restrained by an order of court. Plaintiff says that such independent district has no legal existence in fact;* that in February, 1896, the defendants and a few others residing within the limits of the sections named, secretly, corruptly, and unlawfully and without giving notice as required by law, and to defeat the will of a large majority of the voters residing within the limits of said sections, expressed at a lawful election theretofore held, met and pretended to elect officers for said pretended district of Cooper; that said pretended organization was fraudulently kept secret until defendants could secure the passage of an act of the General Assembly legalizing, if possible, the organization of said district, and that an act known as chapter 170, page 173, Acts 26th Gen. Assem., was procured by them to be passed without knowledge on the part of plaintiff and of the voters in said pretended district, and without knowledge on the part of the General Assembly of the fraud involved in said organization. It is then said that said act of the General Assembly is in violation of the constitution that it is class and special legislation; that it is an act creating an independent district, and not an act curative of some inadvertence, or failure of knowledge, or oversight in complying with the law; that upon its face the act purports to simply legalize an organization, of which the required notice had been given, but which notice for some reason was defective in that it did not contain a proper description of the territory to be embraced within said pretended district. *That plaintiff has no speedy or adequate remedy*

*under the laws of this state.*   Count 2 of the petition was withdrawn.   In count 3 the allegations of count 1 are made a part by reference.   It is then alleged that defendants, pretending to be officers of the alleged independent district, have wrongfully caused to be assessed and levied taxes upon the property in said sections, and have collected and wrongfully expended the same in an amount which plaintiff is unable to state.   The prayer of the petition is that a decree be entered, adjudging that said alleged independent district has never been organized, and that it has no existence in law or fact; that the acts of defendants, as alleged, be decreed fraudulent and void and of no effect; that said act of the General Assembly be decreed illegal, unconstitutional, and void; that defendants be required to account for all moneys and property received by them, and that they be permanently enjoined from further acting in the premises.

The court, on motion of defendants, struck out of said petition all that portion of count 1 which we have italicized as above, and the whole of count 3.   The grounds of the motion, as addressed to the first count, were that the portion thereof which relates to the levy and collection of taxes, etc., states a separate and distinct cause of action improperly joined herein, and that the same is pleaded in violation of the order to separate into counts.   The other portions of said count so stricken out were assailed as being irrelevant, redundant, and immaterial, and statements of legal conclusions and not facts.   Count 3 was assailed as a cause of action improperly joined, for that the cause of action set forth in the first count is in the nature of an action in *quo warranto.*

Following the ruling upon such motion to strike, the defendants moved the court to transfer the cause to the law docket, there to be tried by ordinary proceedings, and this for the reason that the petition stated a cause of action in *quo warranto,* and was therefore improperly brought in equity, and that "plaintiff is in error as to the kind of proceedings adopted, and said cause is erroneously brought." This motion was sustained.   Thereupon the defendants an-

swered, the pleading being in five divisions. In the second division the legal organization of the independent district of Cooper, in February, 1896, is alleged, and that it has ever since done and performed all the acts and things incident to the conduct and maintenance of an independent district acording to law, including the levy and collection of taxes, building a schoolhouse, etc. In the third division it is said that there is a defect of parties plaintiff, in that plaintiff has no legal capacity to sue, for the reason that it is not a citizen of the state of Iowa. In the fourth division it is said that there is a defect of parties defendant, for that there are a large number of electors in said independent district who are not made parties defendant; although they are necessary to a determination of this action. In the fifth division it is said that this action cannot be maintained, for the reason that it was not commenced by the county attorney of Greene county, nor has he been directed to bring the same, and no demand has ever been made upon such county attorney to commence the same, which demand was refused; that no leave has ever been granted by a court or judge to commence or prosecute this action.

To the answer thus filed the plaintiff demurred; to the second division, for that the facts pleaded do not constitute a defense and are immaterial and incompetent as the issue now stands, this being an action to determine only the legality of the organization of the alleged independent district; to the third division, for the reason that the matters stated do not constitute a defense, plaintiff being a legally organized school township; to the fourth division, for that the same is not a defense, this action being prosecuted against certain persons only, who it is claimed are pretending to act as officers, but without right; to the fifth division, for that the same is not a defense, this action not being in *quo warranto.* The demurrer was overruled as a whole. To all the rulings referred to plaintiff saved exceptions, and now assigns errors based thereon.

The motion to strike from the first count the allegations referred to should have been overruled. Plaintiff was not seeking in said count to recover the amount of taxes collected;

1. PLEADINGS.

the fact of the levy and collection thereof is simply set forth as a part of the alleged unlawful and unauthorized acts on the part of defendants. So, too, it was proper to negative by a direct allegation the fact that an independent district had ever been organized, or that such had any legal existence. The fact that there was no such corporation was material to the statement of plaintiff's cause of action, and such fact could be alleged only in a general way.

It is evident that the ruling upon the motion as addressed to the third count of the petition, the ruling upon the motion to transfer the cause to the law docket, and the ruling upon

2. INJUNCTION: unauthorized official acts: quo warranto.

the demurrer, were each predicated upon the thought that the matters of fact detailed in plaintiff's petition were proper to be alleged only as associated with a proceeding in the nature of *quo warranto*. It is certain, at least, that defendants selected *quo warranto* as the only proceeding to which they were willing to make defense, and the rulings of the court enabled them to fortify themselves in that position. Now, that the action as here brought by plaintiff is not maintainable if the same is to be regarded as a proceeding in *quo warranto* is conceded. The conditions which authorize the filing of an information are not made to appear; there is no allegation showing that a public interest only is involved; the proceedings were not instituted by the county attorney, or some other person especially authorized; the proceedings are not in the name of the state. The statute makes these matters essential to a proceeding in *quo warranto*. Code, section 4313 *et seq.* Accepting such to be the situation, we are brought to inquire whether or not the fact that the statute has provided for an action in the name of the state—hence in the interest of the general public—to test official and corporate rights, operates to forbid any inquiry into that general subject in a private action in-

volving only private rights. In other words, does it follow, as a necessary consequence, that the courts are powerless, both at law and in equity, to redress private wrongs or enforce private rights, if in framing issues it shall be made to appear that a question of inherent official or corporate rights is essentially involved in the action as brought? Must the right of private action be held in abeyance, be the consequences what they may, until the state sees fit to move in accordance with the statute, and until the proceedings instituted by it shall have reached the point where a final pronouncement is made by the court of last resort? A judgment in *quo warranto,* it must be remembered, can go no farther than to determine whether or not the defendant is acting in acordance with or by authority of law. *State v. Lyons,* 31 Iowa, 432. And if the right to point out the nonexistence of official or corporate authority as a basis for legal proceeding is exclusive in the state, in the first instance at least, then it must follow as a practical result that for private wrongs the injured party is remediless. But such is not the law, as we understand it. The state is interested to the end that no person or aggregation of persons shall assume to act in an official or corporate capacity without having authority of law therefor. The public interest goes no farther. Conceding that the abstract question of the existence of the alleged independent district, and, as incidental thereto, the question of the right of the defendants to act as officers thereof, was proper to be inquired into by an action in the name of the state, still it remains true that private rights and interests can only be enforced or protected by a personal appeal to the courts by the injured party, and we know of no rule of law which requires that to such an appeal the courts must turn a deaf ear. It would be a reproach to our system of jurisprudence if it should be authoritatively said that one man, or any number of men, pretending to be officers of a municipal corporation, may encroach upon the rights and interests of individuals, or other corporations, at such time and in such manner as they may themselves elect, and, upon being called

to account, a conclusive answer may be made by saying that their proceedings can only be inquired into by an information in *quo warranto* instituted by or under authority of the state. Hence it is that every person threatened with an invasion of his private rights by others claiming to act under official or corporate authority may bottom his resistance upon a denial of such authority. And one seeking to be restored to property rights and interests of which he has been divested without his will or consent, and who is confronted by an assertion of official or corporate authority, may be heard by way of reply to deny the existence of such authority. The right to thus privately proceed conflicts in no wise with the right of the state to proceed under the statute. The end to be attained in the respective instances is essentially different. In the one case the courts are moved simply to make inquiry into private rights and interests; in the other case, the dominant thought is the integrity of the state officiary, or, as applied to corporations, the authoritative exercise of powers which the state alone can grant.

We have, then, as the question remaining to be considered, whether the petition in this action presented matters of private right and interest properly cognizable in a court of

3. PLEADINGS: equity, and which rights and interests might
relief: quo
warranto. therefore be protected and enforced by a decree.

Summarized, the facts stated in the petition are that the plaintiff school township was co-extensive with the civil township, and by authority of law was entitled to exercise jurisdiction over all school matters within such district; that these defendants had, without right or authority, taken possession of a portion of the territory within the district, and under a new flag had confiscated property belonging to the school township by wrongfully and fraudulently seizing upon the revenues which of right should have gone into plaintiff's treasury. It is also said that the defendants have sought to invest their unwarranted and illegal proceeding with the authority of law by procuring a special legalizing act of the

General Assembly, but that such was procured by fraud, and that the same is unconstitutional, unauthorized, and void. The relief asked is for an injunction to restrain further interference with the rights and interests of plaintiff, and for an accounting. Certainly, here is alleged a wrong done not common to the public at large, and for which there must be a remedy. It must be equally apparent that such wrong could not be fully redressed by an action in the name of the state. It ought not to require the citation of authorities to make it clear that the district can be heard to complain of the matters thus set forth in its petition, and, having the right to complain, under a very familiar rule it may have all its rights adjudicated in one action. Thus an injunction may be proper and necessary, and this could not be granted in connection with *quo warranto*. It may be entitled to a surrender of property and to an accounting, and these could not be ordered or enforced save in a court of equity; a determination of the constitutionality of the special act by force of the provisions of which it is claimed the organization of the district of Cooper was legalized may be necessary, and this could not be inquired into in a proceeding in *quo warranto*. But see following authorities, which, in principle at least, support the contention of appellant: *State v. Lyons, supra; State v. Ind. Dist.*, 44 Iowa, 227; *Mud Creek, etc., v. State*, 43 Ind. 236; *People v. Railway*, 15 Wend. 128 (30 Am. Dec. 33); *People v. Board*, (Mich.) 51 N. W. Rep. 1114; *People v. Whitcomb*, 55 Ill. 172. We conclude that the plaintiff was entitled to pursue its action in equity. It follows that the court was in error in respect of the ruling on the motion to strike the third count of the petition; also the ruling upon the motion to transfer, and the ruling upon the demurrer, as far as the same was addressed to those portions of the answer which pointed out the supposed deficiencies in the cause of action stated by plaintiff considered as an information in *quo warranto*.

The judgment is reversed, and the cause remanded for further proceedings according to law.—REVERSED.