THE SCHOOL TOWNSHIP OF FRANKLIN, Appellant, v. S. W. WIGGINS ET AL., Appellees.

**Judgments:** PRIOR ADJUDICATION.   A plea of former adjudication can not be based on a judgment that has been reversed on appeal and the case remanded as a whole for further proceedings therein as directed, but must rest upon the judgment of the trial court after such remand.

**Same.**   Where the issues as made by the pleadings in a former action between the same parties were such that all of the relief sought in the second action could, and probably would, have been granted therein had the prayer for relief been broad enough, the judgment in the former action may be pleaded in bar of the second.

**Judgments:** CONSTRUCTION AS TO DETERMINATION OF ISSUES.   A decree for an injunction in an action against school district officers and their successors in office and for costs against them in their official capacity, in which the legality of the organization of the district was questioned, indicates a determination of the

issues as to the validity of the organization adverse to plaintiffs.

*Appeal from Greene District Court.*—HON. F. M. POWERS, Judge.

THURSDAY, MAY 6, 1909.

SUIT in equity for an injunction and an accounting. Decree for defendants. Plaintiff appeals.—*Affirmed.*

*J. A. Henderson* and *Wilson & Albert,* for appellant.

*Owen Lovejoy* and *G. S. Toliver,* for appellees.

EVANS, C. J.—The litigation involved in this case has twice before been in this court in some of its phases. See 110 Iowa, 702, 122 Iowa, 602. The plaintiff is a school township which formerly comprised a complete congressional township in Greene County. Located in this township was the little village of Cooper, containing about one hundred inhabitants. The inhabitants were desirous of organizing the four sections contiguous and including Cooper into an independent district. They were unable to do so for want of the two hundred inhabitants, required by statute for such purpose. In March, 1896, they went through a certain form of organization, by proceedings irregular and illegal, and declared the organization of the independent district of Cooper, and immediately procured the passage of a curative act by the Legislature, then in session, which was supposed to legalize the corporate existence of such independent district. Directors were elected who assumed the legality of the corporate existence, and proceeded at once to perform their assumed official duties as such directors. They took possession of a schoolhouse included within their alleged territory, and removed therefrom the stove,

seats and blackboard, and other equipments, with a view of changing the location of said schoolhouse and removing it to the village of Cooper. Thereupon the plaintiff brought a suit in equity against such directors in their individual capacity, and prayed that they be permanently enjoined from interfering in any manner with such schoolhouse, and that they be required to return such equipments as they had removed therefrom. The issues in that case challenged the legality of the corporate existence of the independent district of Cooper, and challenged the sufficiency and the constitutionality of the alleged curative act. The trial court, after a hearing upon the merits, dismissed the petition, and gave defendants judgment for costs. Upon appeal to this court, such judgment was reversed. See 110 Iowa, 702. The ground of the reversal is stated in such opinion of this court. This court did not pass upon the question of the legality of the corporate existence of the independent district. The plaintiff in that case had not only challenged the corporate existence, but it had also pleaded that there had been no settlement between the plaintiff and the alleged new district concerning the corporate assets. Such fact being proved, this court held that it was sufficient of itself to grant plaintiff the relief prayed for, and remanded the case for a decree accordingly. In the district court, after *procedendo,* a decree was entered granting plaintiff the full relief prayed, and rendering judgment against the defendants for costs, such judgment being entered against them "as directors of said independent district." To that part of the judgment, entering the same against the defendants in their alleged official capacity, the plaintiff took exception, and perfected an appeal therefrom to this court, but afterwards abandoned the same. Thereupon plaintiff commenced a new action, wherein it again challenged the corporate existence of the independent district, and alleged that the defendants, as pretended officers, were performing the functions and asserting and usurping the powers conferred by

law upon directors, and that they were levying and collecting taxes, and spending the same wrongfully, without warrant of law within their alleged district, which they had carved out of the plaintiff's territory. Upon a trial of this case the district court again entered a judgment against the plaintiff, dismissing its petition, and for costs. Upon appeal to this court, such judgment was reversed. See 122 Iowa, 602. By reference to the opinion of this court, it will be seen that by adverse rulings the trial court had reduced the plaintiff's case in form to a proceeding in *quo warranto,* and had transferred the case to the law side of the docket. For these and other erroneous rulings the case was reversed and remanded for trial upon the equity side of the court. After remanding the defendants pleaded the decree in the former action as an adjudication. It pleaded also a general denial. The trial court entered a decree for the defendants without specifying the grounds thereof. From such decree this appeal has been taken.

We will give our first consideration to the question of former adjudication. The first case is known in the record as No. 3,770, and we will so designate it. If the plea of

1. Judgments: prior adjudication.

former adjudication can be sustained, such holding must be based upon the last judgment entered by the district court in case No. 3,770. The first judgment entered in such case can not be deemed an adjudication because of its reversal on appeal. The reversing opinion was not an adjudication. It merely settled the questions upon which the reversal was based, and remanded the case as a whole, for further proceedings of the lower court in harmony therewith. After *procedendo* the district court had complete jurisdiction therein. The question is, What did it do? What was its determination of the distinct issues presented in the pleadings?

It is undisputed that the issues presented by the pleadings in the case at bar were all presented in the pleadings of case No. 3,770, and that the evidence upon such issues was

substantially the same in both cases.   In the first case, these issues were presented in this wise:   The plaintiff brought its action against the defendants as individuals, charging them, in legal effect, as continuing trespassers, and asking an injunction against them.   The defendants answered, admitting the acts complained of, and averring by way of justification that they were directors of the independent district of Cooper.   They averred, in substance, that the school property in question was within the limits of such independent district, and was its property, and that they did the acts complained of as the proper officers of such independent district.   In its reply to the answer the plaintiff challenged the corporate existence of the independent district of Cooper, and challenged the legality of its organization and the constitutionality of the curative act, all in substantially the language of the petition in the present case.   By way of amendment to its reply the plaintiff filed a further plea in avoidance, which by its terms was made secondary to the issues made by the original reply.   This plea was put forth as a sort of emergency plea, which avoided without confessing, and which called for consideration only in the emergency that the findings of the court should be adverse to the plaintiff upon the main issue tendered in the reply.

We quote the substance thereof as follows:

That in case it shall be found that said independent district of Cooper has or ever had any legal existence, then plaintiff avers that the respective boards of directors of plaintiff and said alleged independent district of Cooper are established by law, and thereby constitute a special tribunal, with exclusive original jurisdiction to make such division of assets and liabilities, and that defendants, if legally representing said alleged independent district of Cooper, and if the territory described in the answer of defendants last named has been legally organized into an independent district as alleged (which fact plaintiff denies), then this court has no jurisdiction or power to determine and pass

upon or adjudicate the matters raised and alleged by said answer as to the right of the defendants as such alleged directors, or the alleged independent district, to any share or portion of said assets or liabilities, the same, if such independent district exists, being within the exclusive jurisdiction of the boards of directors as aforesaid. That until such division is made the defendants, nor the alleged independent district, have no right to remove the property described in plaintiff's petition, nor to deprive plaintiff or subdistrict No. 2 from or of the use of said property or schoolhouse.

Par. 2. That if the facts alleged in said answer as to the legal existence of said alleged independent district of Cooper and the election and qualification of defendants as officers thereof is true, then this court. has no jurisdiction to say or determine that defendants or said alleged independent district have any right to any of said property until an equitable division of the same, together with the other assets and liabilities, have been equitably divided by the boards of directors as provided by law, or abitrators chosen by the parties in interest as provided by law.

Some account must be taken of this plea and the form of it, in construing the decree of the district court as finally entered. The decree, in its results as finally entered, was in favor of the plaintiff. It is conceded by both parties, and is manifest from the. language of the final decree, that it was based upon the ground set forth in plaintiff's emergency plea above quoted.

The question then remains, Did the court determine the other issue adversely to the plaintiff? That the court had jurisdiction to determine that issue in favor of the plaintiff, and to base its final decree thereon, and that it ·could have done so "in harmony" with the reversing opinion of this court, seems to us quite clear. Nor can we see escape from the conclusion that the district court had the same jurisdiction to find adversely to the plaintiff on such issue, and yet grant a decree in its favor on the ground already indicated.

2. Same.

At the final hearing the court first entered a decree against the defendants individually, substantially in accord with the prayer of plaintiff's original petition. A few days later and within the same term, this decree was in effect set aside, and a final decree entered in plaintiff's favor, enjoining the defendants "and their successors in office," and entering judgment for costs against the defendants, not in their individual capacity, but "as directors of said independent district." As already indicated the plaintiff perfected an appeal from this decree to this court, but afterwards abandoned the same. It is plain that the relief prayed for in the case at bar could have been prayed in the former action. The only thing lacking in the former action to enable the plaintiff to obtain all the relief, if any, which it can obtain in this case was a larger prayer asking for such relief. Upon the allegations and evidence in that action plaintiff could have obtained all the relief possible to it under the allegations and evidence in this action. The fact that the district court directed its injunction against the defendants and "their successors in office," and entered judgment against them for costs in their official capacity alone, raises a fair implication that the court determined that issue adversely to the plaintiff. This implication is somewhat emphasized by the fact that the court changed its decree as first entered, in order to reduce it to its final form as here presented. This construction of the decree is also in harmony with the form of plaintiff's pleading. If it be competent to rebut or support such implication by evidence *aliunde,* such evidence is contained in the record, and abundantly supports the same. Such evidence includes the testimony of the trial judge who entered both the first and last decrees in such actions. Any other construction would render the final decree quite inconsistent in its terms. We are constrained to hold, therefore, that the plea of former adjudication must be sustained. The case is unique in its controlling facts, and there is something to be said for the

reverse view. For cases covering the general principle involved, see *Hackworth v. Zollars,* 30 Iowa, 436; *Wolfinger v. Betz,* 66 Iowa, 594.; *Keokuk Gas Company v. Keokuk,* 80 Iowa, 139; *Murphy v. Cuddihy,* 111 Iowa, 645.

If we were to indulge the presumption that all the issues in case No. 3,770 were determined in favor of the plaintiff as the successful party, even then it would be an

<span style="float:left">3. JUDGMENTS: construction as to determination of issues.</span> adjudication of the extent of the relief to which plaintiff was entitled. The defendants were *de facto* officers of a *de facto* corporation. If the private rights of the plaintiff were infringed by wrongful assumption of corporate existence and authority on the part of the defendants, this gave the plaintiff a cause of action to redress its private wrong, and this right was quite distinct from the public right to *quo warranto* proceeding, as was held on the first appeal of the present case. 122 Iowa, 602. Whatever cause of action arose thereby to the plaintiff, it was one and indivisible. It could not split the same, and bring one action for limited relief, and a second action for enlarged relief. If this particular issue was decided in its favor in that action, it ought to have taken then the injunction which it claims now. This suggestion is by way of argument only. See *Hempstead v. Des Moines,* 63 Iowa, 40; Freeman on Judgments, section 259. Plaintiff does not claim that such issue was decided in its favor, but does claim that it was not decided at all. To this claim of plaintiff it may be further answered that, under the pleadings and evidence, the issue could and ought to have been determined; and, if the prayer for relief in that action had taken the same dimensions as the prayer in the present action, it would have included all of the relief prayed and granted in that action, as the greater includes the less, and the determination of such issue would have been unavoidable in favor of one party or the other. We base our decision in this case upon our finding, by fair implication from the terms of the

decree, in the light of plaintiff's pleadings, that the issue was determined in favor of the defendants. .

Upon this ground the judgment below is *affirmed*.