This is a suit brought by the Independent School District of Jewell, Iowa, against the Consolidated School District of Ellsworth, Iowa, various county officers of Hamilton county, and all the landowners in certain disputed territory. The appellant is an independent school district which originally consisted of sections 27, 28, 33, and 34 of Township 87 North, Range 24, West of the Fifth P.M., Hamilton county, Iowa. These four sections were in the form of a square. Sections 26 and 35 lie immediately east of these four sections and sections 14 and 23 run north in the same line as sections 26 and 35. It *Page 994 
is the west half of sections 14, 23, and 26 and the northwest quarter of section 35 which are in dispute. The amount of land in controversy would therefore be one and three-fourth sections. This disputed territory comprised nine per cent of the real estate value of the Jewell District. In 1913 the appellant, Independent School District of Jewell, annexed the west half of sections 26, 35, 14, and 23, which were originally a part of the District Township of Lyon, by joint action of the boards of the Independent School District of Jewell and the District Township of Lyon. The Consolidated School District of Ellsworth lies immediately east of the parts of sections 14, 23, 26, and 35 above mentioned. This consolidated school district was formed January 20, 1914, and within that district is the town of Ellsworth with a population of over 400. Within the Jewell District is the town of Jewell with a population of over 1,000, of which the school population is 221. The disputed land, therefore, is a tract running north and south three and one-half miles and east and west one-half mile, the south part of which is directly east of the original four sections of the Jewell District, and all of said three and one-half miles is directly west of the Ellsworth District. The school population of the disputed territory at the time of the annexation was seven and at no time ever comprised more than 18 students.
About the year 1923 the Independent School District of Jewell purchased the property of the Jewell Lutheran College, and for the purpose of payment, voted a bond issue of $60,000, on which there is now outstanding $36,000, with a sum in the schoolhouse fund for the purpose of additional payments of $9,929.54.
Under the provisions of section 4144.1 and other provisions of the Code of 1939, about April 14, 1941, proceedings were had for the annexation of this disputed territory, and it is conceded that the proceedings complied with the sections of the statute applying to additions and annexations and the validity of the election is not in dispute. About April 29, 1941, the board of directors of the Jewell District were informed of the special election held on April 26th and of the results, and were requested by the board of directors of the Ellsworth District to set *Page 995 
a date to meet with the Ellsworth District to consider the question of division of the assets and liabilities. This request was refused and the board of directors of the appellant, Jewell District, have continued to refuse so to meet and have ignored the request. The appellee, Ellsworth District, certified to the county officers the results of the special election and that the Ellsworth District claimed full jurisdiction over the disputed territory since the special election. Regular bus transportation is now maintained for the convenience of the student population of the disputed district by both the appellant and the appellee, and it was stipulated that both parties had acted in good faith in relation to the disputed territory.
There were petitions of intervention filed by O.I. Kleaveland and Nettie Kleaveland, as residents, citizens, and taxpayers of the Independent School District of Jewell outside of the disputed territory. The case in the district court was tried by consent on the stipulated record in substance as above set out.
[1] I. Appellant's first complaint is that there is no authority in the law for a consolidated school district to detach territory from an independent school district except by consent of both districts, and it cites in support of its proposition sections 4133, 4143 and 4144.1 of the Code of 1939, and Peterson v. Independent Sch. Dist., 227 Iowa 110, 287 N.W. 275.
Section 4144.1 is as follows:
"Whenever it is proposed to extend the limits of, or add territory to, an existing independent city, town, or consolidated district, the voters residing within the proposed extension or addition and outside the existing independent district, shall vote separately upon the proposition. The proposition must be approved by a majority of the voters voting thereon in each of such territories."
Appellant argues that this provision does not authorize one of the three classes of districts specified to take from either of the other two types of districts, but that the only manner in which segregation could be accomplished would be by a concurrent action of the respective boards of the two districts, as provided by section 4133; in other words, that without the consent of both districts no such segregation could be legally made. The *Page 996 
Peterson case, supra, held that, notwithstanding the enactment of section 4144.1 of the Code of 1939, formerly section 4191 of the Codes of 1931 and 1935, section 4133 was not repealed, so that there are two methods by which school corporations may alter their boundaries or annex territory. See Chambers v. Housel,211 Iowa 314, 233 N.W. 502, which was an action by the members of the board of directors of the Consolidated Independent School District of Anderson against the members of the board of directors of the Consolidated Independent School District of Tabor, in which the defendants sought to annex to their territory a section of land belonging to plaintiffs' district. The vote of the defendants' district and the electors residing on the section upon annexation was in favor of the same. The holding of this court, citing various sections of the Code, including section 4144.1, then section 4191, was that such annexation was valid; citing State ex rel. Doherty v. Van Peursem, 202 Iowa 545, 210 N.W. 576; Arnold v. Consolidated Ind. Sch. Dist., 173 Iowa 199, 155 N.W. 278; Rural Ind. Sch. Dist. v. Ventura Cons. Ind. Sch. Dist., 185 Iowa 968, 171 N.W. 576. See, also, Independent Sch. Dist. v. Consolidated Sch. Dist., 227 Iowa 707, 288 N.W. 920, and DeShaw v. South Fork Twp. Sch. Dist., 231 Iowa 27, 300 N.W. 650. It has been the repeated holding of this court that section 4133 is not exclusive and that the districts named in section 4144.1 may annex from each other, under the proper procedure, adjoining territory.
[2] Appellant argues that no one of the districts mentioned may exercise rights superior to the rights of the other two types of districts. We find nothing in the statute, however, which denies the right of one district to take from another district of equal dignity the territory as authorized by section 4144.1. We are satisfied that there is no merit in appellant's first proposition.
II. Appellant further contends that the attempted segregation of territory from appellant's school district at the time when there was a large outstanding bonded indebtedness in said district should be set aside, not only because such attempted segregation is unauthorized by law, but also because the appellant's remedy for the injuries ensuing therefrom is inadequate at law.
As we have stated, there was a balance of bonded indebtedness *Page 997 
against the Jewell District of $36,000, with a sum in the schoolhouse fund for additional payments of $9,929.54, leaving a net balance of about $26,000 still payable. The Jewell District insists that with the detached territory of 1 3/4 sections gone it would be casting an undue burden upon the remaining 4 1/4 sections of the district and they would be left with buildings and equipment too large and expensive for the reduced needs of the district. However, it is agreed that the disputed territory comprised only nine per cent of the real-estate value of the Jewell District and that the number of pupils in such disputed district is only seven. So far as the needs of the Jewell District for school purposes are concerned, the school equipment is as necessary without the severed territory as it was prior to such severance, and the expense of maintaining the school is the same for the reduced territory. There may be some slight difference in expense per pupil and some reduction in the necessary bus service. We are satisfied that there is no extreme hardship to the taxpayers of the Jewell District in the proposed change requiring our interference.
Appellant's principal argument, however, is that forcing upon the remaining portion of the Jewell District the payment of the bonded indebtedness would be unauthorized, and appellant cites various cases, including Harbin Ind. Sch. Dist. v. Denman, Tex., 222 S.W. 538; Chastain v. Hoskins, Tex., 168 S.W. 421; Gilbert v. Scarbrough, 159 Miss. 679, 131 So. 876. These authorities are of little value under the varying provisions of the statutes relating to schools and school districts. We see no reason why the fact that there exists a bonded indebtedness in the district from which the territory is severed would necessarily prevent the application of section 4144.1. If such were the rule, and no territory could be annexed where there existed an indebtedness of the school district from which territory is taken, then the application of the section would be practically impossible. We are satisfied that the bonded indebtedness, to which the severed territory has contributed, would cause no great difficulty in adjusting the rights and liabilities of the two districts. Appellee argues that the provisions of sections 4137 and 4138, Code of 1939, apply to a case such as this, and with *Page 998 
this contention we agree. Such a method has been indicated in various decisions of this court. Such has been the rule in divisions under section 4133 where the boundary lines of contiguous school districts have been changed by concurrent action of the two districts. Our recent case, Peterson v. Swan,231 Iowa 745, 2 N.W.2d 70, cited by appellee, holds that the right to a division of assets and liabilities was not available where the entire territory of one district was merged with another, since the provisions of sections 4137 to 4139 of the Code apply to the division of assets and liabilities between respective school district boards where two or more districts continue as school-district corporations with separate boards of directors.
We may notice briefly some of the cases cited by appellant. Creery v. Town of Okoboji, 217 Iowa 1312, 253 N.W. 810, is a case involving a town under different statutes. Chambers v. Housel, supra, has already been referred to and does not support appellant's contention. In Independent Sch. Dist. v. Consolidated Sch. Dist., supra, the sole point decided, and the reason for denying annexation, was that there was no town of one hundred population or more and did not meet the requirements of the statute. State v. Thompson, 190 Iowa 1160, 181 N.W. 434, has no bearing, and the principal point decided therein was the fact that the boundary lines of a consolidated independent school district were irregular was no defense and that fraud could not be predicated on that fact. State v. Van Peursem, supra, holds that the voters of the additional territory must vote in favor of the annexation.
[3] III. We have not undertaken to follow all the arguments or review all the authorities cited by both parties since the case hinges on the two propositions, first, whether there is authority in law for action such as was undertaken in this case, and, second, whether the existence of the bonded indebtedness prevents such action. In addition to appellant's argument as to the extent of the school facilities in proportion to the school population, and the alleged additional expense, to which we have referred, there is also considerable argument as to the lien on the Jewell District property of the bonds and the rights of the bondholders. Since the bonded indebtedness has been reduced more than fifty per cent we fail to see how a reduction of *Page 999 
nine per cent of the taxable real estate is going to cause any serious injury to the appellant district. So far as the bondholders are concerned, they are still protected. The statute provides a means of settlement and adjustment, and if carried out according to the terms of the statute, an adjustment of the assets and liabilities of the two districts could equitably be made.
[4] IV. Another matter upon which both parties apparently agree, but which we deem not practicable, is suggested by appellant and approved by appellee — that this court should dispose of the case once and for all by making the adjustment of assets and liabilities itself. There are several reasons why we may not comply with this suggestion. In the first place, we have no record of all the assets and liabilities of the two districts nor of their financial situation. It is not a matter which we could undertake under the record; nor do we think we are authorized so to do. We have at various times said that distribution must be made by a special tribunal created by law, and not decided by the court. District Township of Franklin v. Wiggins, 110 Iowa 702, 705, 80 N.W. 432, 433; Peterson v. Swan, supra. In the Wiggins case the court said: "Courts have no authority to make this settlement or adjustment." Citing District Township of Viola v. District Township of Audubon, 45 Iowa 104. The case further holds: "If one of the boards failed to meet after proper notice, or if the arbitrators failed to act, mandamus would lie to compel action." Citing District Township of Eden v. Independent District of Templeton, 72 Iowa 687, 34 N.W. 472; Independent District of Lynnville v. District Township of Lynn Grove, 82 Iowa 169, 47 N.W. 1030. Later litigation involving the same district does not involve the question of division of the assets and liabilities. See School Township of Franklin v. Wiggins, 122 Iowa 602, 98 N.W. 490, and also School Township of Franklin v. Wiggins, 142 Iowa 377, 120 N.W. 1032.
In District Township of Viola v. District Township of Audubon, supra, the court held that there was no jurisdiction in the district court and that the jurisdiction of the tribunal created by law was exclusive. See, also, Independent School District of Lowell v. Independent School District of Duser, 45 Iowa 391, and cases cited therein. It seems to us sections 4137, 4138, and 4139 provide the proper procedure for the matter of *Page 1000 
the distribution of the assets and liabilities, and this consists in action by the two boards, or by arbitration if they fail to agree, and the levy of taxes, if necessary, to equalize such distribution.
V. Question is raised as to the right of the interveners to appear in this action. We see no particular reason for their appearance as such and we do not find it necessary to decide their rights in this matter. They have no further rights, or will incur no further liabilities, than all the other taxpayers in the district. Their rights in the litigation neither add to nor take away from any of the issues necessary to a determination of this cause.
We are satisfied that the action of the district court was right and that its ruling was correct and should be affirmed. — Affirmed.
WENNERSTRUM, C.J., and SAGER, MILLER, GARFIELD, OLIVER, BLISS, and STIGER, JJ., concur.